## Victor Clark *vs.* Albion B. Heath.

### Penobscot.    Opinion August 29, 1906.

*Action.   Trover.   Assumpsit.   Mistake of Remedies.   Inconsistent Remedies.*
*Election of Remedies.*

The plaintiff first brought an action of trover against the defendant for the alleged conversion of two cows. The judgment was for the defendant. The plaintiff then brought this action of assumpsit against the defendant for the price of the cows. *Held:* that if there had actually been two remedies open to the plaintiff, and he had elected one of them, he would have been precluded from subsequently resorting to the other form of action, but in this case his only remedial action was in assumpsit for the price of the cows, and having mistaken his remedy he is not precluded from bringing the proper action.

Mistake of remedies differs from an election between inconsistent remedies. The rule that "the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy" does not apply if, in reality, he had only one remedy.

On exceptions by defendant.   Overruled.

Assumpsit on account annexed for two cows.   Writ dated March 15, 1906.   Plea, the general issue and a brief statement.   The only statement of the case is found in the defendant's brief statement which is as follows:

"And for brief statement defendant further says, "that on May 13, 1905, the plaintiff was the owner of two cows which, subsequently came into the possession of the defendant and on the 12th day of July A. D. 1905 the plaintiff claimed to have two causes of

action against this defendant for the value of said two cows sued for in his pending action, one an action of trover for the conversion of said cows, and one of assumpsit for the price of said cows ; and on that day he elected the action of trover and sued out of the clerk's office of the Bangor Municipal Court a writ against this defendant declaring therein for a conversion of said two cows by this defendant. Said writ was duly served on this defendant by arrest of his body, entered in said Municipal Court and by appeal came to this court where in the January term 1906 thereof the facts were tried to a jury and a verdict of not guilty was rendered and judgment therein entered up. The parties are the same in this action as in the former action, the declaration and account annexed in this writ under which the plaintiff seeks to recover the price of two cows describes the same two cows as were described in the former writ, to wit : The count in the former writ for trover for conversion. And this defendant avers that the two remedies are inconsistent with each other, and that with full knowledge of all the facts, having elected one remedy which he pressed to judgment this plaintiff cannot maintain this action."

At the April term, 1906, of the Supreme Judicial Court, Penobscot County, the action was referred to the presiding Justice with the right to except. After hearing the matter, the presiding Justice ruled as matter of law that the action could be maintained and rendered judgment for the plaintiff for $45.00 and interest from the date of the writ. Thereupon the defendant excepted.

*T. P. Wormwood*, for plaintiff.

*T. W. Vose and Lewis A. Barker*, for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, JJ.

PEABODY, J. This is an action of assumpsit for two cows of the value of $45.00, and comes before the court on exceptions.

The defendant pleaded the general issue with a brief statement admitting that the cows came into his possession, and alleging a prior judgment for the defendant in trover based upon the same cause of

action. It was claimed on behalf of the defendant that the plaintiff, having full knowledge of the facts and having his election between an action of trover and an action of assumpsit, cannot after judgment in trover proceed in assumpsit. The court ruled that the action could be maintained and rendered judgment for the plaintiff for $45.00 and interest. To this ruling the defendant excepted.

The case of *Foss* v. *Whitehouse*, 94 Maine, 497, and the case of *Hussey* v. *Bryant*, 95 Maine, 51, cited by the defendant, are not in point. In the first of these cases the two remedies of assumpsit and trespass were both open to the plaintiff, as rights both in contract and in tort had accrued to him, but the court held that as the action of assumpsit, which was brought first, covered a portion of the items which made up the damages in the action of trespass, the plaintiff having prosecuted the first to judgment could not proceed with the latter.

In the second case the plaintiff had waived the defects in certain condemnation proceedings, and had recovered compensation for her land; and afterwards sought in an action of trespass quare clausum to recover damages which could only be awarded on the ground that the proceedings in condemnation had been irregular. It was held that, having elected the former remedy, she had waived the irregularity and the latter remedy was not available to her.

It will be seen that in both these cases there were actually two remedies open to the plaintiff, either of which could be elected, while in the case at bar the plaintiff's only remedial right was in assumpsit for the price of the goods; and having mistaken his remedy he is not precluded from bringing the proper action. *McNutt* v. *Hilkins*, 80 Hun. 235.

Mistake of remedies differs from an election between inconsistent remedies. *Sullivan* v. *Ross' Estate*, 113 Mich. 311, 318. The rule that "the definite adoption of one of two or more inconsistent remedies, by a party cognizant of the material facts, is a conclusive and irrevocable bar to his resort to the alternative remedy" does not apply if in reality he had only one remedy. 7 Enc. of Pl. & Prac. 364; *Morris* v. *Rexford*, 18 N. Y. 552; 15 Cyc. 262.

*Exceptions overruled.*