### BANNER MFG. CO., Inc., v. UNITED STATES.

#### No. 50072.

United States Court of Claims.

June 2, 1953.

Norman Coplan, New York City, for plaintiff. Bernstein, Weiss, Tomson, Hammer & Parter, New York City, were on the brief.

Benton C. Tolley, Jr., Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant. Carl Eardley, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This is a claim for damages arising from an alleged breach of contract by defendant through failure to pack properly and load for shipment 200,000 gallons of oil purchased by plaintiff from the Treasury Department, then acting as a surplus property disposal agency. The relevant facts as asserted in the petition may be summarized as follows:

In April 1945 plaintiff purchased 200,000 gallons of oil from defendant for the price of $54,000, f. o. b. Memphis, A. S. F. Depot, Memphis, Tennessee. Pursuant to the contract the defendant packed and loaded the oil for transportation by rail to the plaintiff in New York. Upon arrival at its destination the shipment was found to be damaged in that containers were punctured and torn with the result that a quantity of the oil was missing or otherwise rendered unusable. Plaintiff thereupon notified defendant of this situation, and was advised that investigation indicated the shipments had been properly packed and loaded for transportation from Memphis to New York.

Subsequently suit was instituted against the delivering carrier, the Long Island Railroad Company, for all damages suffered by plaintiff, asserting in part that the shipment was properly packed and loaded when delivered to the carrier. Defendant was given notice of this litigation but declined to participate therein. A verdict was rendered in favor of plaintiff in the trial court, but upon appeal the judgment entered thereon was reversed both on the law and the facts.

Afterwards the Long Island Railroad Company paid plaintiff $7,500 in settlement of all liability, if any, of the delivering and connecting carriers. This settlement recited a reservation of all rights of the plaintiff against the United States. Petition was filed in this court on March 16, 1951, claiming damages of $48,278.02, less $7,500, or $40,778.02.

Defendant has moved for summary judgment invoking the doctrine of election of remedies. It is urged that the suit against the carrier alleging its sole responsibility for damages to the shipment and the subsequent settlement with the Railroad constitute an election by plaintiff which precludes recovery here as a matter of law. We do not agree.

■ Though the doctrine of election of remedies as applied by the courts does not lend itself to succinct statement, a usable definition is given in 3 Williston (Rev.Ed. 1936) § 683:

"Election as a term in the law is properly applied to a case where a person has the choice of one of two alternative and inconsistent rights or remedies. In choosing the one he necessarily surrenders the others."

The development of the rule in American practice has been the subject of considerable criticism by legal writers, and courts have varied widely in the strictness with which the doctrine is applied.[1] Without indulging in a discussion of its original theoretical basis, it seems sufficient to point out the elements which the great weight of authority now deem prerequisite to its application. It is clear that the courts have been extremely reluctant to apply the doctrine as a rule of thumb. In the course of his dissent in the case of United States v. Oregon Lumber Co., 260 U.S. 290, 43 S.Ct. 100, 104, 67 L.Ed. 261, Mr. Justice Brandeis observed:

"The doctrine of election of remedies is not a rule of substantive law. It is a rule of * * * judicial administration. It is technical, and, as applied in some jurisdictions, has often sacrificed substantial right to supposed legal consistency. * * * [It] has often been invoked in this court, but never before successfully. Its existence has been recognized; but in every case in which the question presented was actually one of election of remedies, this court held that the doctrine did not apply, * * *."

The rule is recognized as a harsh and largely obsolete one which should not be extended. Friederichsen v. Renard, 60 App. D.C. 400, 247 U.S. 207, 38 S.Ct. 450, 62 L. Ed. 1075; McFadden Securities Co. v. Stoneleigh Garage, 55 F.2d 1025, 1027; North American Graphite Corp. v. Allan, 87 U.S.App.D.C. 154, 184 F.2d 387. It is now generally regarded as grounded on the same basic principle as the law of estoppel. Cook v. Commercial Casualty Insurance Co., 4 Cir., 160 F.2d 490. Accordingly, ex the judicial process, it is held to be unavailable as a defense unless the defendant has materially changed his position as a result of plaintiff's conduct, Bank of United States v. National City Bank, 123 Misc. 801, 206 N.Y.S. 428, 432, double vexation of the defendant would result, Fleming v. Courtney, 95 Me. 135, 49 A. 614, or other inequities are apparent. Consequently, the court have exercised wide discretion where the rule has been invoked, Morlan v. Lucey Mfg. Corp., 9 Cir., 7 F.2d 494, and the facts of the particular case are regarded as important to the conclusion reached. United States v. Oregon Lumber Co., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261.

■ Assuming, without deciding, that other requisite elements for the application of the doctrine are present, there is nevertheless one patent defect in defendant's case which is sufficient to defeat its motion. While, as pointed out above, there have been many divergent views of the question of election of remedies, we are aware of no application of the rule which does not include the requirement that the litigant have full knowledge of the facts when the election was made. Indeed, such knowledge is inherent in the idea of a deliberate "choice" or "election." Pittsburgh Terminal Coal Corp. v. Bennett, 3 Cir., 73 F.2d 387. The record before us indicates that plaintiff had no such knowledge. In this connection it might be noted that defendant has emphasized with disapproval that plaintiff's assertions in its petition before this court are contrary to those relied on in the New York trial. The courts cannot, for obvious reasons, countenance the belated or capricious shifting of ground by a litigant having full knowledge of facts. This was the situation

---

4. For excellent discussions of the development of the doctrine in America and the resulting confusion among the jurisdictions, see: Hine, Election of Remedies, A Criticism, 26 Har.L.Rev. 707 (1912– 13); Election of Remedies: A Delusion? 38 Colum.L.Rev. 292 (1930), and cases there cited. See also, 36 Har.L.Rev. 593; 6 Minn.L.Rev. 341.

368

in Lilly v. Menke, 143 Mo. 137, 44 S.W. 730, cited by defendant for the proposition that such inconsistency is intolerable. The circumstances of the case now before us, however, are quite different. It appears that plaintiff's assertions in New York, all of which were apparently not supported by the proof, were made in part reliance upon information furnished by defendant and related to matters peculiarly within the knowledge of its agents. In such a case it ill becomes the defendant to rise now in righteous indignation, appalled by the inconsistency. A litigant is not compelled to forecast correctly the outcome of an issue of fact, Buchhalter v. Rude, 10 Cir., 54 F.2d 834; see also, Cook v. Commercial Casualty Insurance Co., supra, particularly where the evidence involved was not readily available prior to trial. Furthermore, it was procedurally impossible for plaintiff to join the United States as a party defendant in the previous suit and settle the issues of fact in one trial, since the amount claimed was in excess of the jurisdiction of the district court. If plaintiff had chosen to sue in this court first, it could not have joined the carriers as defendants. To now penalize it for instituting this action would hardly be warranted. In view of the circumstances the doctrine of election is clearly inapplicable here. We are unwilling to apply this doctrine when to do so would leave this plaintiff without an adequate remedy. That would be carrying the rule to an absurdity.

Inasmuch as the liabilities of the parties, if any, are distinct and the settlement will not result in double payment to plaintiff nor prejudice to the defendant, the settlement agreement between plaintiff and the Long Island Railroad Company is not a bar to this action. Archibald McNeil & Sons v. United States, 3 Cir., 27 F.2d 212. Should it be found that the United States is liable, the damages allowed will be restricted to those for which it is responsible. In any event the plaintiff will not be allowed to recover double damages.

The defendant's motion is denied and the case referred to a commissioner of the court for a hearing on the merits.

It is so ordered.

HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.