**GREAT AMERICAN INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**MERCHANTS & MANUFACTURERS MUTUAL INSURANCE COMPANY et al., Defendants-Appellants.**

**No. 19815.**

United States Court of Appeals, Sixth Circuit.

April 9, 1970.

John E. Martindale, Cleveland, Ohio, for defendants-appellants; Arter & Hadden, Cleveland, Ohio, on the brief.

Rees Davis, Cleveland, Ohio, for plaintiff-appellee; Davis & Young, Cleveland, Ohio, on the brief.

Before CELEBREZZE and BROOKS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

CELEBREZZE, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of Ohio, Eastern Division, awarding damages to Great American Insurance Company [hereinafter "Great American"], as assignee under a contract of insurance, against Merchants & Manufacturers Mutual Insurance Company [hereinafter "Merchants"], the insurer. The case was tried without a jury and on stipulated evidence. Jurisdiction was invoked by diversity of citizenship.

In 1962 Richard Deutsch purchased a mercantile building and mortgaged it to Citizens Savings & Loan [hereinafter "Citizens"]. At about the same time, Deutsch purchased a $30,000 insurance policy on the building from Merchants. The policy contained a standard mortgage clause for the benefit of Citizens, including a provision voiding the policy if the mortgagee (Citizens) failed to notify the insurer (Merchants)

"of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee [Citizens]. * * * "

Deutsch defaulted on his mortgage and Citizens instituted foreclosure proceedings, however, prior to foreclosure Michael Carney purchased the property from Deutsch on a land contract for $45,000. Citizens acquiesced in the sale and participated in the preparation of the land contract. Carney was placed in possession of the property and began to collect rent.

In compliance with the land contract which required him to purchase insurance to cover not only his own interest but that of Deutsch, Carney procured two policies, one from American States Insurance Company for $22,500 and one

from Global Surplus & Excess, Ltd, for $17,500. The agent who sold Carney the insurance called Citizens to ask if it wanted to appear on the policy as mortgagee. Citizens replied that it did not want to be on the policy, but requested a receipt indicating that a policy had been issued and paid for.

Subsequently, Citizens purchased a "mortgage protector policy" from Great American, which promised to pay Citizens the amount of its mortgage loss in the event either Citizens or its mortgagor neglected to carry valid business insurance to cover the mortgage interest.

In 1966 the building was severely damaged by a dynamite explosion. At this time Merchants found out about the sale of the property to Carney, and the issuance of the other insurance policies. Invoking the standard mortgage clause, Merchants declined to pay under its policy. American States and Global also refused to pay, for reasons which are not relevant here. Thus, Citizens sought and received payment under its "mortgage protector policy" with Great American. As assignee of Citizens, Great American sues Merchants claiming that Citizens' policy with Merchants was valid and in force at the time of the loss.[1]

There are three issues on this appeal. First, whether the execution of the land contract followed by the placing of Carney in possession constituted a "change of ownership" which, when not brought to the attention of the insurer, voided the mortgagee's rights under the policy. Second, whether the failure of the mortgagee to notify the insurer of the purchase of $40,000 of additional insurance (from American States and Global) voided the mortgagee's rights under the policy. Third, whether the doctrine of election of remedies bars Great American's recovery.

With respect to the first issue, the District Court held that Merchants had been entitled to no notice because there had been no "change of own-

ership" under the facts of this case. We agree. In the absence of a manifested intent to the contrary, words in contracts are ascribed their plain and ordinary meanings. Farmers National Bank v. Delaware Insurance Company, 83 Ohio St. 309, 337, 94 N.E. 834 (1911). Although construing a city ordinance and not an insurance contract, in Bloom v. Wides, 164 Ohio St. 138, 141, 128 N.E. 2d 31, 33 (1955), the Ohio Supreme Court stated:

> "Where the term, 'owner,' is employed with reference to land or buildings, it is commonly understood to mean the person who holds legal title."

Although possession had been delivered to Carney under the land contract, title did not pass from the mortgagee, and Carney was not the legal owner. In view of the fact that he had not nearly completed payments under the land contract, he was not entitled to a decree for conveyance either. Coggshall v. Marine Bank Company, 63 Ohio St. 88, 57 N.E. 1086 (1900). Absent a charge of occupancy or increase in hazard, the mere execution of a land contract was not an event requiring Citizens to give notice to Merchants under the facts of this case.

Turning to the second issue, we find that in Ohio additional insurance covering the same interest in property is an "increase in hazard" as a matter of law. Shouse v. Indiana Lumbermens Mutual Ins. Co., 254 F.Supp. 989 (S.D. Ohio (1964), aff'd per curiam, 361 F.2d 969 (6th Cir. 1966). However, as the District Court properly found, in this case different interests in the names of different persons were being insured, and there was, therefore, no "increase in hazard." 30 Ohio Jur.2d §§ 548–49. The policy issued by Merchants on the property named Citizens and Deutsch as beneficiaries, whereas the policies issued by American States and Global were in the name of Carney only. We disagree with the Appellee that the Ohio "valued policy" statute, Ohio Rev.Code § 3929.25,

1. American States and Global were dismissed from this lawsuit prior to trial.

somehow affects this result. Sun Fire Office of London v. Clark, 53 Ohio St. 414, 42 N.E. 248 (1895); German American Insurance Company v. McBee, 85 Ohio St. 161, 170–173, 97 N.E. 378 (1911); 30 Ohio Jur.2d §§ 545 & 680.

With respect to the third issue, Citizens' mortgage protector policy with Great American provided that Great American would pay only if, by error or omission on the part of the mortgagee or mortgagor, there was no valid insurance on the property. Merchants now argues that since Citizens elected to collect under its mortgage protector policy, rather than pursue its "inconsistent remedy" of proceeding against Merchants, Citizens (and Great American, Citizens' assignee) is now barred from asserting that the policy with Merchants was in force by its "election of remedies."

 The doctrine of election of remedies is a "harsh" and "technical" rule of procedure which must be strictly construed lest substantial rights be sacrificed to supposed legal consistency. United States v. Oregon Lumber Company, 260 U.S. 290, 302, 304, 43 S.Ct. 100, 67 L.Ed. 261 (1922) (Dissenting opinion of Justices Brandeis, Holmes, and Chief Justice Taft). See Borchard, The Election of Remedies, 23 Colum.L.Rev. 380 (1923); Note, Election of Remedies: Effect of Previous Action on Inconsistent Remedial Rights, 4 Cal.L.Rev. 346 (1915); Hine, Election of Remedies, A Criticism, 26 Harv.L.Rev. 707, 719 (1912); Anno., Election of Remedies, 116 A.L.R. 601. We have found no case similar to this one in which any court has applied the doctrine. To hold as Merchants suggests would virtually force an insured in the position of Citizens to bring suit against its fire insurer as a condition precedent to enforcing its rights under a mortgage protector policy. Such a holding would fly in the face of the purpose of the rule, which is to prevent needless experimentation with the remedies which the law affords. Note, 4 Cal.L.Rev. at 346. In this case Great American in good faith

made payment under its mortgage protector policy after Citizens had requested and been denied payment under its policy with Merchants, rather than force Citizens to pursue the alternative, although not necessarily inconsistent, course of suing Merchants. Merchants has been in no way prejudiced by these elections. We therefore refuse to extend this obscure doctrine to negative Merchants' contractual obligations and to defeat Great American's rights.

The judgment of the District Court is affirmed.