**William A. BRANDT, Jr., as Trustee of the Chapter 7 Estate of the Southeast Banking Corporation, Plaintiff,**

v.

**STEEL HECTOR & DAVIS, et al., Defendant.**

**Case No. 95–2553–CIV.**

United States District Court, S.D. Florida, Miami Division.

Aug. 1, 1997.

Virginia J. Harnisch, Ross & Hardies, New York, NY, for William A. Brandt, Jr. as Trustee for Southeast Banking Corp.

Stuart J. Baskin, Shearman & Sterling New York, NY, Aaron S. Podhurst, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, Miami, FL, for Outside Directors.

Walter C. Carlson, Sidley & Austin, Chicago, IL, for Moeller.

W. Sidney Davis, Jr., Susan C. Cockfield, Davis, Scott, Weber & Edwards, Miami, FL, for Deloitte.

John A. DeVault, III, Bedell, Dittmar, Devault, Pillans & Coxe, Jacksonville, FL, for Charles D. Towers, Jr.

R. Thomas Farrar, Holland & Knight, Miami, FL, for Ernst & Young.

Thomas Meeks, Zuckerman, Spaeder, Taylor & Evans, Miami, FL, Michael R. Smith, King & Spaulding, Atlanta, GA, for Porta, Hill, Hudak and Milne.

Michael A. Nachwalter, Kenny, Nachwalter, Seymour & Arnold, Miami, FL, for Charles Zwick.

Hy Shapiro, Hogan, Greer & shapiro, Miami, FL, for Dorothy Weaver.

Thomas Tew, Joseph A. DeMaria, Tew & Beasley, L.L.P., Miami, FL, for Steel Hector & Davis.

Jerome G. Snider, Davis, Polk & Wardwell, New York, NY, for Chris Zwick.

## ORDER

EDWARD B. DAVIS, Chief Judge.

THIS MATTER is before the Court on the Defendants' Motion to Dismiss on Statute of Limitations Grounds (D.E.169), which this Court converted into a Motion for Summary Judgment (D.E.193). This case represents another effort by the Trustee of the Chapter 7 Estate of Southeast Banking Corporation ("Southeast" or "the Bank") to recover assets of the failed bank. After reviewing the parties' filings in this case and hearing oral argument, the Court will GRANT the Defendants' Converted Motion for Summary Judgment.

## I. BACKGROUND

Southeast filed its voluntary petition of bankruptcy on September 20, 1991. Since that time, the Trustee for the bankrupt estate has attempted to recover assets from the Bank's former officers and directors (92–1600–CIV–DAVIS), the accounting firms of Ernst & Young (93–1828–CIV–DAVIS) and Deloitte & Touche (93–1830–CIV–DAVIS), and the investment firm of Lazard Freres (96–2653–CIV–DAVIS). *See also Brandt v. Federal Deposit Ins. Corp.*, 95–2602–CIV–DAVIS (seeking recovery against the FDIC on a number of grounds). The present action, filed November 16, 1995, seeks to recover damages for professional malpractice against the law firm of Steel Hector & Davis, which served as Southeast's general legal counsel for a number of years prior to the bank's failure.

Throughout this case and the other cases that form the Southeast Multi–District Litigation, the Trustee has accused various professionals of assisting Southeast's former officers and directors in an entrenchment strategy that sacrificed the bank's interests in order to maintain the officers' and directors' control over the bank. The Trustee has accused Steel Hector of professional malpractice for

(1) concealing Southeast's true financial condition from its shareholders by filing false and misleading quarterly securities disclosures from the third quarter of 1988 to the first quarter of 1990;

(2) assisting the Officers and Directors in their entrenchment strategy by implementing a "poison pill" agreement in November 1989 that discouraged would be saviors from a possible merger or undertaking a hostile takeover;

(3) negligently conducting its review of Southeast's loan procedures in July 1989;

(4) negligently failing to uncover the problems with the First Federal acquisition; and

(5) negligently failing to uncover the problems with the American Pioneer Savings Bank acquisition.

## II. LEGAL STANDARD

The Court shall grant summary judgment when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The Court views the evidence bearing on the issue of when the cause of action arose in the light most favorable to the Plaintiff. *Bernard Schoninger Shopping Centers, Ltd. v. J.P.S. Elastomerics, Corp.*, 102 F.3d 1173 (11th Cir.1997). The Plaintiff is entitled to the benefit of all reasonable inferences on this point. *Id.*

While Florida law determines when the applicable statute of limitations began to run in this case, federal law determines whether the evidence supporting the starting date is sufficient to grant summary judgment in favor of the Defendant. *Id.* Although the movant carries the initial burden of demonstrating that the statute of limitations has run, the burden shifts to the party seeking to toll the statute of limitations period once the moving party has provided competent evidence to invoke a statute of limitations defense. *Landers v. Milton*, 370 So.2d 368, 370 (Fla.1979).

It is well settled that the law favors the defense of statute of limitations. The United States Supreme Court has stated to that effect:

The defense of the statute of limitations is not a technical defense but substantial and meritorious.... Statutes of limitation are

vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate activity and punish negligence.

*United States v. Oregon Lumber Co.*, 260 U.S. 290, 299, 43 S.Ct. 100, 103, 67 L.Ed. 261 (1922)

## III. ANALYSIS

The provisions of 11 U.S.C. § 108(a) require the Trustee to file an action within two years of the date the bankruptcy petition is filed. Section 108(a), however, also states that the Trustee has a longer period of limitations should the applicable state law so provide.

■ Florida law provides for a two-year statute of limitations period for professional malpractice. Fla. Stat. Ann. § 95.11(4). This period, however, does not begin to run until the party either .discovers or should have discovered the malpractice.[1] *Id.* Because the Trustee failed to file this action within the automatic two-year extension provided by bankruptcy law, he must show these causes of action are not barred under Florida law. Under the facts of this case, this determination necessarily depends on when the Trustee either discovered or should have discovered the alleged malpractice.

Throughout the Amended Complaint, the Trustee has conceded that the former Southeast officers and directors knew of Steel Hector's alleged malpractice. *See, e.g.* Amended Complaint at ¶ 2 ("Steel Hector should have been a lifeboat for Southeast, as the Company floundered due to the mismanagement and misconduct of certain of its Officers and Directors who—motivated by their own selfish desires to remain entrenched in their positions of power, prestige and wealth—acted in *conscious* disregard of their obligations to Southeast"); ¶ 3 ("Steel Hector *aided and abetted* the Officers' and

Directors' misconduct"); Caption .preceding ¶ 24 ("The Defendants Assist the Officers and Directors in Concealing Southeast's True Financial Condition from its Shareholders"); ¶ 26 ("The Officers and Directors, with the cooperation and assistance of the defendants, proceeded to hide this fact from the shareholders, misrepresenting the Company's financial condition in its SEC filings"); ¶ 32 ("The Officers and Directors recognized that such disclosures would reveal how their conduct had jeopardized Southeast's future and therefore undertook to mislead the shareholders in order to further their entrenchment strategy"); ¶¶ 35, 45, 53 ("The Officers and Directors and Steel Hector *knew or should have known* that these 10–K and 10–Q reports were false, misleading and/or disseminated in bad faith"); ¶ 36 ("[T]he Officers and Directors, with the assistance and cooperation of Steel Hector, *continued to mislead* the shareholders in order to mask their ineffective stewardship of the Company and prevent the shareholders from assessing their performance"); ¶ 39 ("Southeast's senior management recognized at the Miami Lakes meeting, as they had at Casa de Campo, that these problems were the result of factors unique to Southeast and, in particular, the Officers' and Directors' ineffective stewardship of the Company," including the lack of adequate system reporting, loan management systems, an early identification system for problem loans and an exit strategy therefor); ¶¶ 41–42 (stating that R. Ray Goode, chairman of the Credit & Loan Committee, as well as other regulatory representatives, warned the Board of Directors at a meeting on July 21, 1989 that the Company's loan portfolio had deteriorated and that "problem loans exist in all segments of the portfolio"); ¶ 46 ("In late August [1989], regulatory officials met with senior executives to express concern about the overall financial condition of Southeast, because of, among other things, the rising level of NPA's, the negative trends in its various loan portfolios and its low level of valuation reserves in relation to problem assets and regional peer

---

**1.** Contrary to the Trustee's arguments, Florida does not recognize the doctrine of continued representation to further extend the statute of limitations period. *See Almand Constr. Co., Inc.*

*v. Evans,* 547 So.2d 626, 628 (Fla.1989); *Kelley v. School Bd. of Seminole County,* 435 So.2d 804 (Fla.1983).

averages"); ¶ 58 ("The defendants breached the duties that they owed to the Company by *assisting* the Officers and Directors in the filing of these SEC reports and failing to take all actions necessary to protect the Company in connection therewith") (emphasis added)

■ Under the general rules of agency, the former officers' and directors' knowledge is imputed to Southeast (and to the Trustee, as successor to the corporation) unless the Trustee can find some exception to the general rule of imputation.[2] The Trustee argues two exceptions to the general rule of imputation: (1) adverse interest and (2) adverse domination.

■ The rationale behind the "adverse interest" exception is that the agent would not disclose his activity to his principal if such a disclosure would reveal the adverse interest or fraud. *Tew v. Chase Manhattan Bank, N.A.*, 728 F.Supp. 1551, 1560 (S.D.Fla.1990). To invoke the adverse interest exception, however, the Trustee must show that the acts did not benefit Southeast. *Id.* ("an agent only has a legally sufficient adverse interest if he totally abandons the principal's interest as opposed to [if he has] a mere conflict of interest"). Thus, knowledge would be imputed if the bank received any benefit from the fraud.

■ The Court has previously considered this adverse interest argument in other Southeast multi-district litigation cases. *See, e.g., In re Southeast Banking Corp.*, 93–1830–CIV–DAVIS (Orders entered August 15, 1995 and October 11, 1996). As the Court explained, the relevant inquiry under this doctrine is not whether the officers' and directors' actions were ultimately beneficial to Southeast, but whether the corporation benefitted in any way from these alleged acts of malpractice. Specifically, the Court focused on whether these actions extended the life of the corporation or gave it an appearance of health that growing companies presumably maintain. *See generally Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449, 456 (7th Cir.), *cert. denied*, 459 U.S. 880, 103 S.Ct. 177, 74 L.Ed.2d 145 (1982).

Once again, the Trustee has failed to allege sufficient facts to demonstrate that Southeast did not benefit in any way from the alleged acts of malpractice, including the benefit of extended life and the appearance of health that growing companies presumably enjoy. For example, he has not alleged facts that suggest that the officers and directors looted the company for their benefit. *Cf. Tew*, 728 F.Supp. at 1559 (officers and directors made business loans to themselves for personal expenses when they lacked the ability to repay and when the company was insolvent; they borrowed other money at higher interest rates to cover their fraud; and paid themselves huge salaries and bonuses); *Schacht v. Brown*, 711 F.2d 1343, 1348 (7th Cir.), *cert. denied*, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983) (applying adverse interest exception where managing directors' illegal actions looted the company of its most profitable business and $3,000,000 in income). Accordingly, the Court finds the adverse interest exception inapplicable and will, therefore, impute the officers' and directors' knowledge of the alleged acts of malpractice to the Trustee, as successor of the Bank.

■ Last, the Court notes that the doctrine of adverse domination is not recognized under Florida law. *See Southeast Banking Corp. v. Bassett*, 855 F.Supp. 353, 357–58 (S.D.Fla.1994) (Aronovitz, J.) (concluding that Florida has not adopted the doctrine of adverse domination to toll statute of limitations period).[3] The Trustee has failed to cite any subsequent Florida cases that would

---

**2.** If the former officers' and directors' knowledge is imputed to the Trustee as successor to the Bank, this suit is time-barred. *See e.g.,* Transcript of Joint Status Conference at p. 15, lines 11–20 (dated January 17, 1996) ("And as I've said a number of years ago when I argued a motion involving Ernst & Young before Judge Garber, if the knowledge of the directors and officers is imputed to the Trustee then all of these claims are time barred. We have never quarreled with that").

**3.** The Eleventh Circuit affirmed this case in part, but determined that it was without jurisdiction to review the interlocutory appeal on the statute of limitations grounds. *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1548–49 (11th Cir.1995).

warrant the Court to reconsider this Court's prior conclusion in *Bassett*.

Because of this finding, the Court need not address the alternative arguments that (1) the Trustee could have learned of the alleged acts of malpractice from media coverage, or (2) the Trustee was prevented from learning of the malpractice because of Steel Hector's alleged concealment of files. Accordingly, it is

ORDERED AND ADJUDGED that the Defendants' Converted Motion for Summary Judgment is **GRANTED**.