BISTLINE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 14, 1916.)

1. LIMITATION OF ACTIONS ☞37(1)—ACTIONS FOR DAMAGES—LIMITATIONS.

Act March 3, 1891, c. 559, § 8, 26 Stat. 1093 (Comp. St. 1913, § 4992), providing that suits by the United States to vacate and annul any patent theretofore issued shall only be brought within five years from the passage of that act, and that suits to vacate and annul patents thereafter issued shall only be brought within six years after the issuance of the patent, had no application to an action at law for damages for the fraudulent acquisition of land by a patentee and for the subsequent fraudulent sale thereof by him to third parties, where it was not sought to vacate or annul the patent or recover the lands from the then owners.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 182, 185; Dec. Dig. ☞37(1).]

2. EQUITY ☞85—LIMITATION OF ACTIONS ☞11—ACTIONS BY THE UNITED STATES.

The United States are not bound by any statute of limitations nor barred by any laches of their officers however gross, in a suit brought by them as a sovereign government to enforce a public right or assert a public interest.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 221; Dec. Dig. ☞85; Limitation of Actions, Cent. Dig. §§ 35–39; Dec. Dig. ☞11.]

3. ELECTION OF REMEDIES ☞11—NECESSITY OF EXISTENCE OF BOTH REMEDIES.

The filing of a suit by the government to cancel a patent to land for fraud was not an election of remedies, preventing the government from bringing an action at law for damages, where, though the suit was brought on the theory that defendant was the owner of the patented lands, he had in fact conveyed them to third parties prior to the filing of the complaint, as there can be no election of remedies, unless two separate and distinct remedies are in existence at the time of the commencement of the suit or action, and the government was not estopped from pursuing a remedy that it was entitled to pursue merely because it had endeavored to avail itself of a remedy which had been thought to exist.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 14; Dec. Dig. ☞11.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. JUDGMENT ⟨⟩570—CONCLUSIVENESS—JUDGMENTS OPERATIVE AS BAR—JUDG-
MENT OF DISMISSAL.

Where a suit in equity to cancel a patent to land was dismissed on mo-
tion of the United States attorney without any hearing or decision on the
merits, the judgment of dismissal was not res judicata as to the issues in-
volved in an action at law for damages for fraud in procuring the patent.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1034,
1036–1040, 1042–1045, 1165; Dec. Dig. ⟨⟩570.]

In Error to the District Court of the United States for the East-
ern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action at law by the United States against Joseph B. Bistline
for damages for alleged false and fraudulent acquisition and sale
by the defendant of certain public lands of the United States. Judg-
ment for the United States, and defendant brings error. Affirmed.

Terrell & Terrell, of Pocatello, Idaho, for plaintiff in error.

J. L. McClear, U. S. Atty., and J. R. Smead, Asst. U. S. Atty., both
of Boise, Idaho.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. On April 10, 1911, the Attorney Gen-
eral of the United States filed a bill in equity in the United States
Circuit Court for the District of Idaho for the cancellation of a pat-
ent issued by the United States to the defendant herein on June 30,
1906, covering certain public lands of the United States situate in the
state of Idaho. To the bill the defendant made answer on May 2,
1911. On September 17, 1913, the government filed a replication,
and on the same date, upon motion of the United States attorney, a
decree was entered dismissing the suit.

On the day of the dismissal of the suit in equity the United States
attorney commenced the present action at law against the defendant
for the recovery of the sum of $8,000 as damages for the alleged false
and fraudulent acquisition and sale by the defendant of the lands
granted to him under the patent of June 30, 1906, being the same pat-
ent which was sought to be canceled by the bill in equity. The de-
fendant demurred to the complaint on the ground that the facts there-
in set forth were not sufficient to constitute a cause of action, and, the
demurrer being overruled, he answered the complaint denying the
allegations of fraud therein set forth, and setting up two affirmative
defenses by way of pleas in bar: (1) That the facts alleged in the com-
plaint had been formerly adjudicated and finally determined on the
merits. (2) That the government had, by commencing and maintain-
ing the suit in equity, made election between two inconsistent rem-
edies, and was bound by such election.

Upon the issues thus raised the case proceeded to trial before a jury,
and a verdict was rendered against the defendant and in favor of the
United States for the sum of $600, upon which verdict judgment was
entered. The assignments of error in this court relate to the action
of the trial court in overruling the defendant's demurrer, in failing to
give to the jury a peremptory instruction in favor of the defendant,

and in giving and refusing to give to the jury certain instructions. But they all in different form present the questions raised by the demurrer and the answer, to wit: The sufficiency of the complaint, the election of remedies by the government, and prior adjudication of the issues.

[1, 2] 1. It was alleged in the complaint that the patent in suit was issued to the defendant by the United States on June 30, 1906. The present action was commenced by the filing of the complaint on September 17, 1913—more than seven years thereafter. In support of its contention that the demurrer should have been sustained, the defendant invokes section 8 of the act of Congress of March 3, 1891 (26 Stat. 1093). That section provides as follows:

"Suits by the United States to vacate and annul any patent heretofore issued shall only be brought within five years from the passage of this act, and suits to vacate and annul patents hereafter issued shall only be brought within six years after the date of the issuance of such patents."

It is sufficient to say that the section has no application to the present case. This is an action at law to recover specific damages for the fraudulent acquisition of land by the defendant from the government and for the subsequent fraudulent sale thereof by him to third parties. It is not a suit to vacate or annul a patent. No attempt is being made by the government to recover the lands. They are left in the hands of the present owners. The act may not by construction be extended beyond the boundary fixed by its plain terms.

"The principle that the United States are not bound by any statute of limitations, nor barred by any laches of their officers, however gross, in a suit brought by them as a sovereign government to enforce a public right, or to assert a public interest, is established past all controversy or doubt." United States v. Beebe, 127 U. S. 338, 344, 8 Sup. Ct. 1083, 1086, 32 L. Ed. 121; United States v. Inslay, 130 U. S. 263, 266, 9 Sup. Ct. 485, 32 L. Ed. 968.

[3] 2. On the question of election of remedies, it is conceded by counsel for the defendant that, in case title to public lands has been divested through fraud, the government may either bring a suit in equity to cancel the patent, or, at its option, maintain an action at law to recover from the wrongdoer the value of the land. But it is contended that the option, being once exercised, cannot be revoked, and that in the present case the government, by filing the bill in equity for cancellation of the patent, forfeited its right to proceed at law for the recovery of damages.

It is a fundamental rule of the doctrine of election of remedies that there can be no election, unless two separate and distinct remedies are in existence at the time of the commencement of the suit or action. The bill in equity in this instance was framed upon the theory (and it was so alleged therein) that the defendant at the time of its filing was the owner of the patented lands, and the defendant alone was made defendant therein. But it was expressly alleged in the answer in the suit in equity that prior to the filing of the complaint the lands had been conveyed by the defendant to third parties. That remedy was therefore not open to the government at that time, and the suit was accordingly dismissed on its motion. The only remedy in existence

at that time was an action at law for damages, which was immediately instituted. The government was not estopped from pursuing a remedy that it was entitled to pursue, merely because it had endeavored to avail itself of a remedy which had been thought to exist. See Brown v. Fletcher, 182 Fed. 963, 105 C. C. A. 425.

[4] 3. The contention that the action in equity was res judicata as to the issues involved in the present suit is equally untenable. There was no hearing or decision on the merits. The suit was voluntarily dismissed upon the motion of the government. A judgment of dismissal based upon the voluntary act of a party is not res judicata. 23 Cyc. 1230. In Hughes v. United States, 71 U. S. (4 Wall.) 232, 18 L. Ed. 303, the rule was stated as follows:

"In order that a judgment may constitute a bar to another suit it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of a proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

The judgment of the court below is affirmed.