*R. L. Greer* and *John M. Greer,* contra.

---

MURPHY HARDWARE COMPANY *v.* RHODE ISLAND INSURANCE COMPANY; *et vice versa.*

GILBERT, J. The court erred in overruling the general demurrer to the petition in this case. This ruling is substantially controlled by that made in the following cases: *Croghan* v. *New York Underwriters Agency,*

18

53 *Ga.* 109; *Ramspeck* v. *Pattillo,* 104 *Ga.* 772 (30 S. E. 962, 42 L. R. A. 197, 69 Am. St. R. 197); *Phœnix Insurance Co.* v. *Hamilton,* 110 *Ga.* 14 (35 S. E. 305); *Athens Mutual Insurance Co.* v. *Evans,* 132 *Ga.* 703 (64 S. E. 993); *Manis* v. *Pruden,* 145 *Ga.* 239 (88 S. E. 967). This ruling disposes of the entire case, and it is unnecessary to pass upon the questions made in the main bill of exceptions.

*Judgment on cross-bill of exceptions reversed. Writ of error on main bill of exceptions dismissed. All the Justices concur.*

Nos. 2813, 2834. APRIL 14, 1922.

Action for specific performance. Before Judge Thomas. Colquitt superior court. July 20, 1921.

Murphy Hardware Company filed a petition against Rhode Island Insurance Company, praying for specific performance of a contract to insure against the loss by fire of a number of bales of cotton stored in a warehouse, and for a judgment in the amount of the value of the cotton so destroyed. The petition as amended alleges, in substance, that the insurance company issued a policy insuring the plaintiff's cotton in the sum of $5000, from 12 o'clock noon August 15, 1918, to the same hour on February 15, 1919; that the agent of the insurance company at the time further agreed with plaintiff that on or before the expiration of this policy he would renew the insurance on said cotton from time to time in like amounts for periods of ninety days until such time as petitioner should instruct the defendant to cancel the same, and that the premium thereafter would be paid when required by the said agent, according to the custom and usage at Moultrie, Ga., where such agent was doing business and representing said insurance company, until the petitioner had disposed of the cotton, and that defendant would issue said insurance on the same form of policy as the one then being issued; that in compliance with the terms of said oral contract the defendant did, on the 15th of February, 1919, renew the insurance by issuing to the petitioner its policy of insurance in the precise language and form as the previous policy, expiring on the 15th day of May, 1919, and that thereafter, on the 15th day of May, the defendant, through its agent at Moultrie again renewed its policy covering said cotton in the same language and form as employed in the previous policies, which said last policy expired on the 15th day of August, 1919; that the premiums on all of said policies were duly paid by the insured, and the renewed policies were issued to the petitioner in compliance with the verbal contracts previously made by said agent of the insurance

company to keep the property of the petitioner insured until notified to cancel the policies; that on the 15th day of October, 1919, the said cotton was destroyed by fire while stored in the warehouse at Coolidge, Ga., as aforesaid; that on the next day, October 16th, 1919, after the property insured thereby had been destroyed by fire petitioner notified Dupre-Moore Co., agent for the defendant insurance company at Moultrie, that the said cotton had been destroyed, and was in turn then notified by the said agent that the policy of insurance had not been renewed, and that the company was not liable for any insurance on the property destroyed; that this was the first knowledge petitioner had of the failure to renew the policy; that petitioner then tendered to the agent of the company the full amount of the premium due for the renewal of the policy for a period of ninety days from August 15, 1919, which tender the defendant refused. Petitioner stated to defendant's agent that it was prepared, ready, willing, and able to pay the amount of the premium for the policy at said time, but the defendant refused to accept the same, on the ground that the company's liability terminated on August 15, 1919. Petitioner alleges, that it has performed all the conditions imposed upon it by the terms of the policy issued to it and by the terms of the policy which the defendant agreed to issue and rewrite, and imposed upon it by law; that the property at the time of its destruction by fire was insurable, and the risk had not been increased; that the agreement entered into by the agent of the defendant insurance company with plaintiff was in no way antagonistic to or inconsistent with the duty of said agent to the defendant company, and not contrary to public policy on the ground of dual agency; that the general custom of such business in Moultrie was, that, on short-time policies of the character herein mentioned, agents of insurance companies would enter into oral agreements with persons insured, to renew and reissue policies on the expiration of same, conditioned upon the insurability of the property, until notified not to so renew or that the property had been sold.

The defendant denied every allegation of the plaintiff's petition, except that it was a foreign corporation having an office and doing business in the City of Moultrie; and also interposed a general demurrer to the petition. The general demurrer was overruled, and the defendant excepted. The case proceeded to trial,

and the plaintiff introduced evidence tending to prove the allegations of its petition; whereupon the defendant moved for a nonsuit, which was granted. The plaintiff excepted.

*Hill & Gibson,* for plaintiff in error.

*Bryan & Middlebrooks* and *Shipp & Kline,* for defendant.