**Mary L. Pillsbury, Appellee, v. Patrick H. Early, Administrator of the Estate of John Early, Deceased, Appellant.**

**Gen. No. 30,503.**

1. FORMER ADJUDICATION—*decree denying specific performance for want of proof of agreement as bar to subsequent action based upon same alleged agreement.* Where a bill for specific performance of an alleged parol agreement to bequeath property to complainant resulted in a decree dismissing the bill upon the ground that complainant had failed to prove the making of the alleged agreement, such determination was a bar to a subsequently filed claim by complainant against the estate of the alleged promisor, based upon the identical alleged parol agreement.

2. FORMER ADJUDICATION—*necessity for consideration of evidence in former suit before determining whether decision res adjudicata of issue in subsequent suit.* It is not a prerequisite to determination whether the decision in a chancery suit is res adjudicata of an issue in a subsequent action at law, that the evidence in the former suit be introduced in the subsequent action, where it appears both from the pleadings and from the opinion of the court on review that such issue was in fact decided in the former suit.

3. APPEAL AND ERROR—*necessity of remand where judgment reversed on ground of former adjudication, but decree in former suit not part of record.* While a judgment for a claimant against an estate must be reversed where it appears that an issue going to the foundation of such claim has been decided adversely to claimant in a former suit between the same parties, where the court has erroneously excluded in the second suit, the decree in the former suit, and there was no motion by defendant, at the close of the evidence, for a directed verdict, the cause must be remanded.

Appeal by defendant from the Circuit Court of Cook county; the HON. KICKHAM SCANLAN, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed. Opinion filed May 5, 1926.

JOHN S. HUMMER, for appellant; CYRUS HEREN, of counsel.

EARL J. WALKER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

On January 26, 1921, Mary L. Pillsbury, who will hereinafter be referred to as plaintiff, filed her claim in the probate court of Cook county against the estate of John Early, deceased. There seems to have been a nominal hearing and the claim was allowed for $100. An appeal was taken to the circuit court of Cook county, where there was a trial before a judge and a jury and a verdict and judgment for $7,500 was rendered in favor of plaintiff, and the administrator, who will be hereinafter referred to as the defendant, prosecutes this appeal.

The record discloses that plaintiff's claim as filed in the probate court was in the form of a declaration on the common counts and it was alleged *inter alia* that John Early, the deceased, at the time of his death was indebted to plaintiff for work done and services performed and the damages were laid in the sum of $15,-000. The record further shows that on May 3, 1920, Mary L. Pillsbury, the plaintiff, filed her bill of complaint in the superior court of Cook county for specific performance wherein she alleged that John Early, the deceased, in 1907 agreed, by parol, that if she would go and live on his farm, located in Franklin Park, and take care of his elderly parents and himself, the farm would be given to her at his death and that in addition to the farm, the plaintiff was to receive one-half of the stock and the produce of the farm. She further

alleged in her bill that she went to Franklin Park and took care of the parents and of John Early until the latter died in January, 1920; that he died testate, devising the farm to one of his nieces and bequeathed to plaintiff the sum of $2,000 and other property. The prayer of the bill was that the parol agreement be specifically performed and the farm conveyed to her. The defendants answered the bill and admitted that John Early, the deceased, in his lifetime owned certain real estate located at Franklin Park; that he died testate, the will having been probated in the probate court of Cook county; that he devised the real estate in Franklin Park to one of his nieces and that he bequeathed $2,000 to Mary L. Pillsbury, plaintiff. The answer denied that Early, the deceased, had entered into the parol agreement as plaintiff alleged in her bill. It further appears from the record that there was a trial of the chancery suit on the merits and a decree entered dismissing the bill for want of equity. From this decree, Mary L. Pillsbury prosecuted an appeal to the Supreme Court where the decree of the superior court was affirmed. *Pillsbury v. Reidy,* 304 Ill. 420.

On the trial of the claim before the circuit court a great deal of evidence was introduced by both parties, the jury was instructed and they returned their verdict in favor of plaintiff for $7,500. In this court a number of points are urged why the judgment should be reversed, but in the view we take of the case, it will be only necessary for us to consider one of them, and that is, that the decree rendered by the superior court of Cook county dismissing the bill for specific performance for want of equity and the affirmance of that decree by the Supreme Court is conclusive and a bar to the further prosecution by plaintiff, because the matters involved on the hearing of the specific performance suit are the same as those involved on the hearing before the circuit court, the evidence being

substantially the same. In both cases Mary L. Pillsbury based her claim on the alleged parol agreement between her and John Early in 1907, and if there were no such agreement, her claim must fail. The Supreme Court in affirming the decree of dismissal entered in the specific performance case (304 Ill. 420) goes into the evidence introduced in that case rather fully and the facts stated in that opinion are in substance the same as the facts adduced before the circuit court in the case before us. After discussing the evidence in the specific performance case, the Supreme Court said (p. 424):

"On the question of the existence of a contract the evidence is sharply conflicting. In this class of cases, where the one with whom the contract is alleged to have been made is dead, the court should use care in determining the existence of such contract. The chancellor heard the witnesses in open court and is better able to judge their credibility than we. From a review of the entire record in the case we are unable to say that the chancellor should have found that the contract claimed by the bill herein existed. In addition, it does not appear with definite clearness just what property was to be included in this contract." From a consideration of the opinion of the Supreme Court and the foregoing quotation therefrom, it is clear that the Supreme Court held that Mary A. Pillsbury had failed to prove that a parol agreement had been entered into between her and John Early as she there contended. The Supreme Court further held as an additional reason for affirming the decree that there was no certainty as to the property there involved.

But counsel for plaintiff contends that whether the question decided in the chancery suit was the same as that decided by the jury in the case before us can only be determined by a consideration of the evidence adduced in the chancery suit and that since the evidence in the chancery suit was not introduced on the

trial in the circuit court, it cannot be said that the question decided in the chancery suit was the same as the question presented to the jury. With this contention we cannot agree. Where some controlling fact material to the determination of both of the causes has been adjudicated in a former suit by a court of competent jurisdiction, and the same fact is again at issue between substantially the same parties, its adjudication in the first cause will be conclusive of the same question in the latter suit. And whether the cause of action or the ground of defense is the same in the two causes, may appear from the pleadings in the first cause, but if the pleadings are general and not specific, evidence must be introduced to show what was determined in the first cause. *Wright v. Griffey,* 147 Ill. 496; *Louisville, N. A. & C. Ry. Co. v. Carson,* 169 Ill. 247; *Rubel v. Title Guarantee & Trust Co.,* 199 Ill. 110.

In discussing the latter question the Supreme Court in the *Wright case, supra,* said (p. 500):

"Ordinarily the pleadings in the former suit, when introduced, will show what was within the issue tried and determined therein. A fact or question is no less at issue, or within the conclusive effect of the verdict and judgment, because the averments of the declaration and traverse are general. The difference between cases where the issue is thus general, and those where it is limited, by the pleading, to a single point, is, that the matter which appears by the mere inspection of the record in the latter, must in the former be established by evidence. Parol evidence of what occurred upon the former trial and what was actually decided is always admissible in such cases." In the *Rubel* case the court said (p. 114):

"It is clear from the authorities that where a judgment is pleaded or offered in evidence in bar of a claim, and it is uncertain from the record what was adjudged at the time the judgment was entered, parol

evidence is admissible to show what matters were in controversy, what testimony was given and what questions were submitted to the court for its determination at the time the judgment was entered. * * * But such evidence will never be received for the purpose of impeaching or contradicting the record. In *Gray v. Gillilan,* 15 Ill. 453, on page 455 it is said: 'Where the cause of action or ground of defense, or other matter, appear upon the face of the record, no proof is admissible; but where they do not, witnesses may be called to identify the parties, the cause of action or defense, or other matter litigated.' ''

From the foregoing authorities it is clear that where a question has been judicially determined in a court of competent jurisdiction and the question thus determined appears from the face of the pleadings, in a subsequent suit which involves the same question no evidence is admissible in the latter proceeding to determine what was decided in the former, except the pleadings in the former. And where it appears in the second proceeding that the matters involved have been formerly adjudicated, such adjudication is conclusive and a bar to the second suit.

In the case before us, plaintiff could not recover unless she proved by competent evidence that a parol agreement had been entered into between her and John Early and since that question was adjudicated in the chancery suit, as appears from the opinion of the Supreme Court and from the pleadings, that question is no longer open for consideration. But in the record before us, although the pleadings in the chancery case were received in evidence, the court excluded the decree rendered by the superior court in that case. This was error, because without the decree it does not appear what the determination of the chancery suit was and since the decree was excluded and the defendant did not move, at the close of the evi-

dence, for a directed verdict, the case must be reversed.

The judgment of the circuit court of Cook county is reversed.

*Reversed.*

THOMSON, P. J., and TAYLOR, J., concur.