Mary L. Pillsbury, Appellant, v. Patrick H. Early, Administrator with the Will Annexed of John Early, Deceased, Appellee.

Gen. No. 33,285.

Opinion filed May 20, 1929. Rehearing denied June 6, 1929.

EARL J. WALKER, for appellant.

JAMES F. BURNS, for appellee; FERDINAND J. PIRNAT, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the petitioner from an order of the circuit court dismissing her petition in which she prayed that the administrator with the will annexed of the estate of John Early, deceased, should pay to her a bequest of $2,000 as directed by the will. The prayer of the petition was granted by the probate court, but upon appeal to the circuit court (upon a hearing without a jury) the trial judge arrived at a contrary conclusion, sustained the appeal of the administrator and dismissed the petition.

There is practically no controversy as to the facts. On June 10, 1910, John Early executed a will devising

to his niece, Olive Early, the daughter of his brother, Patrick H. Early, "all my real estate and the appurtenances thereto, said real estate being situated in and at the Village of Franklin Park in the County of Cook and State of Illinois." By the third clause of the will he devised to petitioner, Mary L. Pillsbury, who was then Mary L. Rock, "the sum of Two Thousand ($2000.00) Dollars," also "my horse known as 'Teddy' with buggy harness and accessories." John Early died January 20, 1920, and his will was admitted to probate on March 17, 1920.

On May 3, 1920, petitioner filed her bill of complaint in the superior court of Cook county, alleging that in 1907 John Early entered into a parol agreement in substance that if she would go and live on his farm in Franklin Park and take care of his elderly parents and himself, the farm would be given to her at his death, and that in addition she would receive one-half of the stock and the produce of the farm. The bill alleged she went to Franklin Park and took care of John Early and his parents until his death. The bill further averred the execution of the will in which John Early devised his farm to one of his nieces and bequeathed $2,000 to herself. It prayed that the parol agreement be specifically performed and the farm conveyed to complainant. The executor and legatees were made defendants and answered, denying the parol agreement.

The cause was put at issue, and after a trial upon the merits a decree was entered dismissing the bill for want of equity.

Mrs. Pillsbury prosecuted an appeal to the Supreme Court where the decree dismissing her bill was affirmed. *Pillsbury v. Reidy,* 304 Ill. 420.

On July 26, 1921, Mrs. Pillsbury filed her claim against the estate in the probate court of Cook county, declaring upon the common counts for work done and

services performed and claiming damages in the sum of $15,000. Upon a nominal hearing the claim was allowed in the probate court in the sum of $100, and upon appeal to the circuit court there was a trial by jury and verdict in favor of claimant in the sum of $7,500, upon which the court entered judgment. Upon appeal to this court this judgment was reversed on the theory that the former suit for specific performance being based upon the same contract as that relied upon in the prosecution of the claim was *res -adjudicata* as between the parties. *Pillsbury v. Early,* 240 Ill. App. 419. A petition for certiorari by the claimant to the Supreme Court was allowed, and the judgment of this court was reversed. *Pillsbury . v. Early,* 324 Ill. 562. The cause was remanded to this court with directions to reconsider the same on the merits. The cause was reconsidered by the third division of this court and the judgment affirmed upon remittitur of $1,000. 245 Ill. App. 617.

It is not disputed that the estate is solvent and financially able to pay the legacy, and it is agreed that no part of it has at any time been paid. The defense set up by the administrator is that by the prosecution of her suit for specific performance of the alleged oral agreement on the part of the testator to convey the specific property devised in his will to his niece, Olive Reidy, and by the further prosecution of her claim for services, Mrs. Pillsbury elected to take against the will and that she is now estopped to claim her legacy under it.

It is apparent from the ruling of the court on propositions of law submitted the theory of the court was that defendant's claim to the legacy was barred by her suit for specific performance brought in the superior court of Cook county which she unsuccessfully prosecuted to the Supreme Court of the State, and the question here to be decided is whether the unsuccessful

attempt of claimant to defeat the will of John Early by bringing a suit to secure the specific conveyance to herself of the real estate devised by another clause of the will to his niece, Olive Reidy, will prevent her successful prosecution of her claim to receive a specific legacy bequeathed to her.

The doctrine of election as applied to wills is one which at an early date was adopted into our jurisprudence from the Roman law. Pomeroy's Equity Jurisprudence, vol. 1, 4th ed., sec. 463. It is based upon the theory that a court of equity will imply a condition, where none is expressed in the will, that the acceptance of a bounty of the testator as provided in one provision shall not be permitted to prevent the realization of the intention of the donor as expressed in another provision. In equity it applies to all instruments of donation and is based upon the maxim of equity that ''He who seeks equity must do equity.'' The subject is quite fully discussed by Professor Pomeroy in volume 1, 4th ed., sec. 2, of his work on Equity Jurisprudence, and a statement covering substantially the same ground is found in Story's Equity Jurisprudence, 14th ed., vol. 3, ch. 33. These authors acknowledge their indebtedness to the note in Dillon v. *Parker*, 1 Swanst. 400.

It appears from an examination of these authorities that the doctrine is purely equitable, is not generally applied in courts of law, and that the rules of law requiring an election between inconsistent remedies in actions at law, while in some respects analogous, are not similar. Indeed, equitable principles are applied to the extent that where one donee has by his election disappointed another, a court of equity will usually refuse to forfeit the estate of the refractory donee but will seize upon and sequester it for the purpose of compensating the disappointed donee. It may be added that this equitable doctrine of election, in the

absence of an express declaration to that effect in the will or deed, is not at all applicable to the case of creditors. *Kidney v. Coussmaker*, 12 Ves. Jr. 154. This doctrine of election in equity as applied to wills was adopted and applied in Illinois in the early case of *Wilbanks v. Wilbanks*, 18 Ill. 17, and has been consistently followed by the Supreme Court of this State in later cases.

In *Brown v. Pitney*, 39 Ill. 468, the Supreme Court, in an opinion by Mr. Justice Lawrence, stated the doctrine thus:

"The doctrine of election, as between inconsistent rights has been long established. Although founded on a principle that is just everywhere, its most frequent practical application has been to devisees and legatees in wills. As applied to them it means simply, that he who would accept the bounty of another must do so upon such terms and conditions as the donor may choose to impose. The beneficiary under a will cannot insist that the provisions in his favor shall be executed and those to his prejudice annulled. He must accept the instrument in its entirety or not at all. This is a doctrine founded upon so clear a principle of natural equity that it must necessarily be recognized in every system of enlightened jurisprudence."

In *Gorham v. Dodge*, 122 Ill. 528, the complainant, who sought to maintain a bill for specific performance of an alleged contract with the executor to convey certain lands devised by the will, had accepted a bequest made under the will. The court held that by accepting the legacy the complainant confirmed every other part of the will and therefore could not maintain his suit.

In *Fishburn v. Green*, 291 Ill. 350, Edward Fishburn filed a bill to contest the will of his brother Eugene, of whom he was the sole heir. The bill was dismissed and he sued out a writ of error. The defendants in error filed a plea of release of errors. The plea

averred that the executors with the knowledge and consent of plaintiff in error, after the decree had been rendered, paid the full amount of a legacy bequeathed to him under the will amounting to $756.94, and that the trustee receipted therefor and the money had been retained and appropriated. The court said in substance that if a party accepted the benefits of a decree, such acceptance might be pleaded as a release of errors; that one who accepted a provision for his benefit under a will was precluded from attacking other lawful provisions of the same will; that by accepting its benefits he admitted the instrument to be the will of the testator and that he could not both take under it and make a claim against its terms. The opinion of the court there distinguishes *Ward v. Ward,* 134 Ill. 417, upon the ground that the widow, who it was there claimed was precluded, had taken under a statutory right which did not put her to an election.

These and other cases which might be cited do not give a precise answer to the question arising upon this record. Unlike the cases cited, the claimant here has not taken anything against the will. She tried to do so, but she did not succeed. She brought a suit but she lost it. Does the prosecution of this suit to a final adjudication, by which she took nothing, now preclude or estop her from taking that which the testator clearly intended she should have? The question must be solved by the application of equitable rules.

In *Carper v. Crowl,* 149 Ill. 465, where it was contended that a widow by reason of her acceptance of the provisions of a will was put to her election and could not thereafter claim an estate derived, as claimed, from another than her deceased husband, but devised by him, the court in substance said that where one had an election between several inconsistent courses, he would be confined to the one first adopted and that any decisive act done with knowledge of his rights and of all the facts determined his election and estopped him

from asserting to the contrary, but that it was requisite in order to bind a party by election that it be made with full knowledge of all the facts and if made by mistake or misapprehension or ignorance of the facts or rights of the parties, it would not be conclusive. *Pratt v. Douglas,* 38 N. J. Eq. 516; *Williams v. Thornburg,* L. R. (10 Ch. App.) 329; *Spread v. Morgan,* 11 H. L. Cas. 588, with other cases which we have already cited are referred to as sustaining this doctrine, and the court said:

"Where the rights of third persons have not intervened, an election made in ignorance, or under misapprehension of the effect of the act or the extent of the party's rights, is not binding, and may be revoked."

The court also said that Mrs. Crowl sought and obtained advice from reputable attorneys to the effect that failure to renounce the will would not in anywise affect her title to the land in question, and that she acted upon such advice; that it was clear she did not understand she was electing to abandon title to her land, and that title therefore remained in her.

In the *Estate of Julia E. Downing,* 236 Ill. App. 168, Helen F. Downing filed a claim against the estate of her mother, Julia, for 14/45ths of the estate left by a deceased brother, Thomas F. Downing. She averred in her claim that at the request of the mother she had transferred to the mother shortly after the death of this brother all her right in the estate on the condition and in consideration that her mother would return the said estate upon her death. The will of Julia Downing, after providing for the disposition of certain personal effects and bequeathing $500 for masses, gave all the rest of her estate to the Harris Trust & Savings Bank in trust, to be divided in equal parts and one-half paid to her daughter Helen so long as she should live, and upon her death, leaving issue, to such issue. Helen Downing accepted this bequest and

received thereunder the sum of $7,824.40, for which she receipted to the executor. It was urged that she had thereby elected to take under the will and was estopped from enforcing her claim against the estate; but this court, while holding that the probate court had equitable powers to apply the doctrine of election, distinguished that case from *Burns v. First Nat. Bank of Joliet,* 304 Ill. 292, and held that Helen Downing was simply a creditor of her mother's estate and that she was not put to her election. The judgment was reversed in *Downing v. Harris Trust & Savings Bank,* 318 Ill. 323, but for reasons which have no bearing upon this question.

In *Scheible v. Rinck,* 195 Ill. 636, Mrs. Scheible died testate leaving her husband surviving but no child, children, nor descendants thereof. The will devised to her husband an estate for life in all of her real property without expressing any intention as to whether the devise should bar the dower of the husband. He thereafter filed a bill in chancery to contest the will of the wife on the ground that she was lacking in mental capacity to execute the instrument and on the further ground that it was obtained through undue influence, fraud and compulsion. The contest ended in a decree which established the validity of the will. More than a year having in the meantime expired, he filed a written renunciation and election to take dower in lieu of the property bequeathed to him by the will, and later filed a bill for the partition of the real estate, claiming an undivided one-half thereof. A general demurrer to his bill was sustained and the bill dismissed. The court said that an unsuccessful attempt to break the will would not deprive him of his right as a devisee; that the law attached no such penalty to an attempt to set aside a will; that an unsuccessful contest of a will established the validity of the provisions and the devisees and bequests therein provided would control

the disposition of the property of the maker of the will; that one might seek to overthrow a will without any intention of renouncing a devise therein in his favor in case the will was held to be valid; that consequently the institution of a proceeding to contest the validity of a will was not equivalent to a renunciation of a devise in the will. The decree was affirmed.

In *Hanson v. Clark,* 246 Ill. App. 496, it appeared that Hanson died leaving a will providing for the payment, with other legacies, of one to his widow and the remainder to residuary legatees. He left no child nor descendant of a child surviving him. His widow filed in the probate court her renunciation of the legacy provided by the will and elected to take her legal share of the estate, which she claimed to be one-half of the real and personal estate after the payment of debts. The residuary legatees contended that upon renouncing she was entitled to only one-third of the property. The probate court found that she was entitled to one-half, and upon appeal to the circuit court a similar order was entered, the court holding that section 12 of the Dower Act, Cahill's St. ch. was applicable. The residuary legatees appealed to the Supreme Court which reversed the judgment and remanded the cause for further proceedings. The widow then contended that since section 12 of the Dower Act had been held inapplicable, her renunciation became a nullity and that she was entitled to take under the will. Propositions of law were submitted, and the trial court held against her contention and entered an order finding that she had elected to take in lieu of the bequest of the will her legal share of the estate and that she was bound thereby. The widow appealed to this court, and after reviewing the authorities we held that her election had been made under a mistake and misapprehension as to her antecedent and existing private legal rights, and that the court erred in denying her motion

for leave to apply to the probate court to withdraw her renunciation. Certiorari was denied by the Supreme Court.

In *Gilbert v. McCreary,* 87 W. Va. 56, 12 A. L. R. 1172, 104 S. E. 273, the testator's will divided a piece of property between his daughter by a former marriage and his widow, the stepmother of the daughter. The daughter brought suit, claiming title to the whole property upon the theory that she had inherited the same from her mother and alleging that the property belonged to her mother because the purchase of the same was with her mother's money. She failed in her suit and a decree was entered against her. She afterwards filed a bill for an injunction and to remove the cloud upon her title, and it was urged that by bringing the first suit she had elected not to take under the will and that election was a bar to her suit. The court said:

"Nor does it bar this suit as proof of an election not to take under the will. The plaintiff did not have two rights between which to elect. Under a misapprehension of right and upon an untenable claim, she brought a suit which availed her nothing. That fruitless effort is not indicative of intention to give up or relinquish any right vested by the will. To make the conduct of the plaintiff in that suit bar her right under the will, it must appear that the suit was brought with intention to elect. 2 Pom. Eq. Jur. sec. 515. An election made by a party, under a mistake as to the nature of his right, is regarded as a mistake of fact and does not bind him. *Tolley v. Poteet,* 62 W. Va. 231, 57 S. E. 811; *Waggoner v. Waggoner,* 111 Va. 325, 30 L. R. A. (N. S.) 644, 68 S. E. 990; *Spread v. Morgan,* 11 H. L. Cas. 588, 562, 11 Eng. Reprint, 1461, 13 L. T. N. S. 164, 6 New Reports, 269."

In *Harber v. Harber,* 153 Ga. 274, 123 S. E. 114, 33 A. L. R. 598, it appeared that the testator by his will bequeathed to May Harber (who was his second

wife) during her lifetime or widowhood only, the income or interest from $12,000 and directed that at her death or marriage the principal was to revert to his children.. The will stated this bequest was to be in full of all claims of every kind that she might have against his estate in the way of dower or a child's part. It also contained a provision that if his children or wife should contest the will, anyone so trying to break it should not receive the amount given. The testator had conveyed certain landed estate by deed to the children of his first wife. The widow, claiming that these conveyances were made to defeat her right to dower in the land and that they were merely colorable, filed her petition in which she sought to have dower set apart to her in these lands. The case was heard on its merits and a nonsuit granted without dower being awarded to the widow. She thereafter filed her petition to recover the legacy bequeathed to her by the testator and set up these facts as to the former suit. The executors demurred to the petition upon the ground, among others, that with full knowledge of the facts pertaining to her rights thereunder she had elected not to take the legacy provided in the will and that in law and equity she was bound by the election; that in seeking dower she pursued a remedy inconsistent with her claim under the will. It appeared that she had prosecuted her claim to dower to the Supreme Court. The court said:

"It is taking, and not an abortive attempt to take, which requires the legatee to give effect to all the provisions of the will. The doctrine of election is based upon the salutary principle, that 'he who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing any right inconsistent with it.' . . .

"The mudsill of this principle is that the testator must bestow by his will a benefit upon another, and

the latter must accept the benefit. Until acceptance of the benefit, this doctrine does not come into play against the legatee. Furthermore, a case of election only arises when a person is entitled to one of two benefits, to each of which he has the legal title, but to enforce both would be unconscientious and inequitable to others having claims upon the same property or fund. Civ. Code 1910, sec. 4609; *Lamar v. McLaren,* 107 Ga. 591, 34 S. E. 116. In this case the widow was not entitled to one of two benefits, for the simple reason that her husband had died seized and possessed of no lands of which she was dowable, but had conveyed all of his lands by deed to his children. Undoubtedly, if the testator had died seized and possessed of these lands, so that his widow could have obtained dower therein, then she would have been compelled necessarily to elect between her right to dower and the legacy given to her in the will of her husband. *Worthen v. Pearson,* 33 Ga. 385, 81 Am. Dec. 213. Inasmuch, however, as she was not entitled to dower, because her husband died seized and possessed of no lands, her election to take dower was not conclusive. Her misconception of her rights in this matter and her attempt to secure dower, did not constitute an election which would bar her from her election to recover upon an inconsistent right. The fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election, and does not preclude him from thereafter prosecuting an action based upon such inconsistent right. 20 C. J. 21, sec. 17. An election can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election was made. *Zimmerman v. Harding,* 227 U. S. 489, 57 L. ed. 608, 33 Sup. Ct. Rep. 387; *Bistline v. United States,* 144 C. C. A. 6, 229 Fed. 546;

*Todd v. Interstate Mortg. & Bond Co.*, 196 Ala. 169, 71 So. 661; *Capital City Bank v. Hilson*, 64 Fla. 206, 60 So. 189, Ann. Cas. 1914B, 1211. The proper remedy of a party is not waived where, in fact or in law, only one remedy exists and a mistaken remedy is pursued. *American Process Co. v. Florida White Pressed Brick Co.*, 56 Fla. 116, 47 So. 942, 16 Ann. Cas. 1054. The doctrine of election applies only when the party in fact has two or more remedies. If it be determined that there is but one, his adoption of another is not held to be an election. *Wells v. Western U. Tel. Co.*, 144 Iowa, 605, 24 L. R. A. (N. S.) 1045, 138 Am. St. Rep. 317, 123 N. W. 371; *Thomas v. Zahka*, 99 Misc. 333, 164 N. Y. Supp. 193."

In the annotation to this case the author says:

"The few cases which have discussed the question agree with the reported case (*Harber v. Harber, ante*, 598) in holding that the unsuccessful assertion of a claim under or against a will does not amount to a conclusive election for or against it."

In view of these authorities (and there is none to the contrary) we are constrained to hold that Mrs. Pillsbury's ineffectual prosecution of her suit in equity for specific performance did not constitute such election as would prevent her acceptance of the legacy given by the will; that her prosecution of that suit was based on a misapprehension of her legal rights—a mistake analogous to a mistake of fact.

Petitioner claims that she should be allowed interest under sections 112–114 of the Administration Act, Cahill's St. ch. 3, ¶¶ 114–116. Section 112 provides that executors shall present their accounts for settlement at the first term of court after the expiration of one year after the date of their letters and in like manner every twelve months thereafter, or sooner if required by the court. Section 114 in substance provides that moneys, bonds, etc., which an executor may have in his possession or control as assets of the estate,

at a period of two years and six months from the date of his letters, shall bear interest, and the executor shall be charged with interest thereon from said period at the rate of 10 per cent. We do not regard this section as applicable to the facts which appear here. In the absence of statute, an executor was at common law chargeable with interest for deferring distribution an unreasonable time. The facts already recited show that this petitioner has been strenuously and continuously in litigation against this estate practically from the time the will was admitted to probate. If she had taken her legacy she would have been estopped from maintaining her bill for specific performance. *Burns v. First Nat. Bank of Joliet,* 304 Ill. 292.

We must assume that the executor defended against all her claims, including this demand, in good faith. There is nothing in the record to indicate to the contrary. An executor ought not to pay a legacy where he in good faith believes he has a meritorious defense to its payment. If it were made to appear that the money in his hands had earned interest, petitioner might equitably be entitled to it. There is no proof of such earnings. There has been no unreasonable delay in the payment of this legacy, and there is no proof that the money out of which it should be paid, in the hands of the executor, has earned interest. The claim of petitioner in this regard therefore cannot be sustained.

The judgment of the circuit court is reversed and the cause remanded with directions to enter an order according to the prayer of the petitioner and consistent with this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and McSURELY, J., concur.