THE BOWKER FERTILIZER COMPANY, Appellant, v. LAWRENCE N. COX, Respondent.

This action was for the conversion of a promissory note; the answer alleged a former suit pending. It appeared that in March, 1882, plaintiff commenced an action on contract against defendant to recover the proceeds of said note, and of another, both of which were delivered to defendant to sell and were unaccounted for by him, which action was instituted in reliance upon defendant's representation that the notes had been sold. Judgment was entered in that action by default in April, 1882, for the amount of both notes, and on examination of defendant in supplementary proceedings thereon, in May, 1882, it appeared that he had the note in suit here in his possession when the former action was commenced. Said judgment was vacated on plaintiff's motion, and an order procured for a commission and a reference to examine defendant, after which, in October, 1882, this action was brought. In May, 1883, after notice of trial had been served and eight days before trial, the complaint in the first action was amended so as to limit it to the other note. *Held*, that after discovery of the falsehood of defendant, plaintiff was bound promptly to elect between the then existing action, and a remedy by action *ex delicto;* that the election came too late, and the plea was good.

When the motion to vacate the judgment in the first action was made defendant was imprisoned by virtue of an order of arrest issued therein. No execution against his person had been issued. As a condition of granting the motion the court required plaintiff to stipulate that defendant should be permitted to make application for his discharge at the time he would have been entitled to make it if the judgment had not been vacated and if execution had been issued thereon. The stipula-

tion was made as required. *Held*, that this did not convert the order of arrest into a body execution and did not operate to discharge and satisfy the cause of action.

(Argued June 16, 1887; decided October 4, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 13, 1884, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was brought in October, 1882, for the alleged conversion of a promissory note. The answer set up a former suit pending, and that the judgment was satisfied by the voluntary discharge of defendant from a body execution issued in the former action. Defendant succeeded on both grounds.

The facts, so far as material, are stated in the opinion.

*John L. Hill* for appellant. The cause of action for the wrongful use of the second note did not arise until its delivery to Coates. (*Walter* v. *Bennett*, 46 N. Y. 250, 262.) Imprisonment on a body execution simply suspends the proceedings against property so long as the body is held. (Code, § 1490–1494; *Kœnig* v. *Steckel*, 58 N. Y. 476.) The court erred in finding, as a fact, that plaintiff elected to pursue its remedy in the first suit. (Code, §§ 992, 993; *Hazard* v. *Caswell*, 93 N. Y. 263.) The order limiting the first action has the same effect as if plaintiff had discontinued it and brought a new one. (*Equitable F. Co.* v. *Hersee*, 33 Hun, 169; 103 N. Y. 25; *Johnson* v. *Frew*, 33 Hun, 193; *Hays* v. *Midas*, 104 N. Y. 602.)

*John R. Dos Passos* for respondent. The present action being for the same identical cause, and between the same parties, as action No. 1, the maxim *memo debit bis vexari pro eadam causa* applies, and the complaint was properly dismissed. (*Averill* v. *Paterson*, 10 How. 85; 10 N. Y. 500; *McAllister* v. *Reab*, 4 Wend. 483, 493; *Swart* v. *Borst*, 17 How. 69.) Upon the facts, the plaintiff being clearly

bound by its election, this action cannot be maintained. (*Morris* v. *Rexford*, 18 N. Y. 532; *Sanger* v. *Wood*, 3 Johns. 416; *Rodermund* v. *Clark*, 46 N. Y. 357; *Abbott* v. *Blossom*, 66 Barb. 353; *McGoldrick* v. *Willetts*, 32 N. Y. 620; *Int. B'k* v. *Monteath*, 39 id. 297; *Tryon* v. *Baker*, 7 Lans. 511; *Moller* v. *Tuska*, 87 N. Y. 166, 169; *Goss* v. *Mather*, 2 Lans. 283; 46 N. Y. 689; *Kidder* v. *Whitlock*, 12 How. Pr. 208.) The action was improperly begun, because during the continuance of the imprisonment the judgment was in law deemed satisfied. (*Kœnig* v. *Steckel*, 58 N. Y. 475; *Cooper* v. *Bigelow*, 1 Cow. 56; *Rowe* v. *Guilleaume*, 15 Hun, 462; *Ryle* v. *Falk*, 24 id. 256; Code Civ. Pro., §§ 1490, 1491.) The defendant being imprisoned under an execution against his person, his subsequent discharge from imprisonment under and pursuant to the orders of Judges Barrett and Daniels was in law, upon the facts, a discharge by the consent, acquiescence and neglect of the plaintiff, and thus the said claim, cause of action and judgment became absolutely satisfied and extinguished. (*Rowe* v. *Guilleaume*, 15 Hun, 462; Code of Civ. Pro., § 1494; *People ex rel. Roberts* v. *Rowe*, 81 N. Y. 43.) The judgment being clearly proper upon the facts found as to plaintiff's election, even if the other conclusions of law are erroneous, will be sustained. (*Scott* v. *Pilkington*, 15 Abb. Pr. 280; *East R. B'k* v. *Gove*, 57 N. Y. 597.)

Finch, J. The trial court found, as a fact, that at the date of the commencement of this action, and at the time of its trial, there was pending and undetermined an action on contract for the recovery of the money and the proceeds of the note, for the conversion of which this action was sought to be maintained. The case shows that the original action was brought in March, 1882, to recover the proceeds of two notes entrusted to the defendant for sale, and unaccounted for by him, and in reliance upon his statement that both had passed out of his possession. That statement was found at a later date to have been untrue as to one of the notes, which may be

called, for convenience, the second note, since it was the one for the conversion of which the second and present action was brought. Judgment was entered in the first action, no answer having been interposed, for the amount of both notes, in April 1882, and proceedings supplemental to execution very soon after were instituted. Upon the defendant's examination his misstatement as to the second note was developed, and on the 23d of May, 1882, the plaintiff, as appears by Bowker's affidavit, knew all the facts as to the second note, and the falsehood of the defendant, and was bound to elect between the existing action on contract as to the second note, and an action *ex delicto* for its conversion. The plaintiff, however, took but one step. It caused its own judgment to be vacated, in order, as was said, to ascertain the true amount for which it should be entered. It might have been entered at any day thereafter for the amount of both notes, or only for that of the first, but was not entered at all; and the action remained pending and the default continued when the present action was begun. The plaintiff had opened the door for the election of a new remedy, but stopped at the threshold, and had not made such election, or abandoned its first action for the note when the second action was commenced. At that date two actions were pending, one on contract and one in tort for the same substantial cause. The plaintiff not only retained its hold upon the first action and the power to enter judgment therein for both notes, but took further and important steps in that action. It procured an order for a commission and a reference to examine the defendant relative to his dealing with the notes, and as late as October in that year summoned the defendant to such examination. After that 'the present action was commenced, and the condition and possible effect of the first action was never changed, till, on the 23d of May, 1883, eight days before the trial of this action, and after notice of trial had been served, the complaint in the first action was amended so as to limit it to the first note alone. That was the only decisive act of the plaintiff, but came too late. If it could have effect as an abandonment

·of the action upon the second note and as significant of a final election after so long a delay and after the pendency of the first action had been pleaded as an answer to the second, it ·certainly would be very unreasonable to allow it such or any effect whatever when delayed until after the second action was noticed for trial. (*Swart* v. *Borst*, 17 How. 69.) Possibly the defendant's plea of a prior action pending could only be defeated by an order of discontinuance. (*Averill* v. *Paterson*, 10 N. Y. 500.) But in any event the amendment of the complaint, if available at all, should have been made promptly after the need of a choice of remedies had become apparent. The trial court was, therefore, justified in ordering judgment for defendant.

But that judgment was also put upon a ground which we do not approve, and which gives it an effect to which the defendant is not entitled. When the motion to vacate the first judgment was made by the plaintiff, the defendant was imprisoned by virtue of an order of arrest issued in that action. No execution against his person had yet been issued or served. The effect of vacating the judgment was to postpone, indefinitely, such execution and leave the defendant under arrest for a prolonged and indefinite period. To obviate that injustice, and keep the imprisonment within what would have been its normal duration, the court required the plaintiff to stipulate, as a condition of vacating the judgment, that the defendant should "be permitted to make application to the court for his discharge *at the time* when he *would* have been entitled to make such application if said judgment had not been vacated, and if an execution against his body had been duly issued thereon." This condition, which the plaintiff accepted, did not convert the order of arrest into a body execution. Its purpose and effect was to permit a motion for a discharge at a specified time, and to prevent an answer to the motion at such date that no body execution had been served; but the resultant discharge was from arrest under the order and that alone, and could not have the effect to discharge and satisfy an indefinite cause of action which had not, as yet, even ripened into

judgment. Such a result was not contemplated by the conditions, or within its reasonable scope, and should not be argued out from a stipulation silent upon the subject, and aimed to accomplish a single and specified purpose. We, therefore, affirm the judgment upon the first ground stated, and that only.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.