# Cases

### DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1891.

60  163
136a 521

---

## THE TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF EAST HAMPTON, RESPONDENTS, *v.* JOHN A. BOWMAN, APPELLANT.

*Estoppel — the ratification of wrongful acts must be made with knowledge — the rule applied to town officers.*

A town trustee, by exhibiting a forged resolution, purporting to give him power to convey town lands, induced one Bowman to accept a deed thereof, and a subsequent board of trustees, ignorant of the fraud, and supposing that the delinquent trustee had collected the money by due authority, brought an action and recovered judgment against the trustee for (among other claims) the consideration named in the deed to Bowman; but collected nothing under the execution issued thereon.

*Held,* that the suit against the trustee, not followed by any further action upon the part of the town against him after discovery of the fraud, was not a ratification by the town of his acts, and that it was not estopped thereby from repudiating them.

APPEAL by the defendant John A. Bowman from a judgment, entered in the office of the clerk of Suffolk county on the 11th day of December, 1889, after a trial by the court without a jury at the Suffolk Circuit.

The action was brought to set aside, as a cloud on plaintiff's title, represented by a deed made by the trustees of the town of East Hampton to the defendant of certain town lands. This deed was executed by the clerk of the trustees, one Seymour L. Tooker. The trustees

passed a resolution, on April 17, 1882, which was subsequently altered by some person by interlining the words "with power to sell and convey" so as to read:

*Resolved*, That Marcus B. Hand, Charles J. Mulford, Nathaniel Dominy, Sr., William Cullom, William D. Conklin and George B. Edwards be and are hereby appointed a general prosecuting committee, with power to sell and convey; and also a committee on privileges, with power to act as they deem expedient.

Under this, one Nathaniel Dominy, Sr., succeeded in selling the lands in question to the defendant. On December 15, 1882, this resolution appears on the records:

*Whereas*, By resolution of this board of December 4, 1882, it was resolved that the committee theretofore duly appointed by said board be and are instructed to sell water lots or any of their remaining interest in any of the undivided lands of the town, according to their discretion, and the clerk was thereby instructed to execute such conveyances as may be directed by them and their counsel, and

*Whereas*, Under and by authority of said resolution, and the power and authority in them vested by this board, the said committee of this board have, on behalf of said trustees, sold and caused to be conveyed to John A. Bowman certain undivided lands hereinafter mentioned.

We hereby ratify, confirm and approve the action of said committee and of said clerk in the sale and conveyance to said John A. Bowman of all the remaining undivided and common lands of said town of East Hampton, westward of Montauk and within the bounds of said town, and more particularly described in the deed to said Bowman and we have caused the clerk of this Board to execute a proper deed therefor, bearing date December 14, 1882.

*Resolved*, That the action of said committee be and hereby is ratified and approved and the execution and ensealing by the clerk and delivery by the president of said committee of said deed to said John A. Bowman is also hereby ratified, confirmed and approved as and for the act and deed of this board, and the said conveyance is in all things confirmed.

The plaintiffs alleged that neither of these resolutions were ever passed. Mr. Platt was the attorney for the purchaser in the negotiations for the land.

*Thomas Young*, for the appellant.

*Wilmot M. Smith* and *E. A. Carpenter*, for the respondents.

PRATT, J. :

We concur in the opinion of the learned trial judge. The town never authorized the conveyance of the lands in question. The minutes, which on their face appear to attest such authority, were in that respect forged. The grantee, doubtless, dealt with the faithless representative of the town, and paid his consideration money in good faith. It could scarcely be decreed otherwise.

So far, then, the case is clear. A person standing in an official position towards a town, having no authority save that derived by resolution of the town officials, simply cheats a man into paying money over to him by exhibiting false tokens as to the extent of his authority and delivering a deed which is without a shadow of authority. Dominy simply lied to Mr. Platt and backed up his lie by exhibiting a resolution which was genuine in part but false and forged in the vital matter of authority. No corporation could conduct business if any other rule prevailed than to hold that this faithless official had thus simply swindled an innocent man out of his money.

But now comes the tight place in the case. New town officials found this record. They were themselves deceived thereby. Dominy thus mislead them so that they, too, relying on his fraud, called on the faithless official to pay over the money which they supposed that he had collected for and with authority of the town. They sue him and recover a judgment. They issue an execution but get nothing. Hence, while the town thus appears to ratify the collection and thus to ratify the transaction out of which it arose, the essential and vital element of the doctrine of ratification is, nevertheless, wanting — knowledge of the facts of the case. The town officers were mislead into that suit. The swindler succeeds in getting all parties into a false position. Now, if we were to hold that this judgment was a ratification, we should hold that Dominy might swindle the town into an election to ratify. And that plainly involves unsound reasoning. The question of estoppel does not arise until we determine the point of election and ratification. But the town did not discover the fraud until after the execution was

returned unsatisfied. There is no evidence that it has taken a single step in pressing its judgment against Dominy after the discovery of the truth in the premises. If it had, it would be difficult to defend the town against the consequences of election and ratification under the rule in *Bowker Fertilizer Company* v. *Cox* (106 N. Y., 555).

But the town has taken no step. It has simply stopped. Ought it to have procured the modification of the judgment against Dominy by rejecting therefrom the money claimed or collected from Bowman? Perhaps that would have been a wise thing to do as a measure of prudence to evince and emphasize its election to repudiate Dominy's wrongful act. But it was not, as it seems to us, necessary so to do. It was a question of fact whether or not the town did promptly repudiate Dominy's wrong when it discovered its right so to do. The fact that it suffered the judgments to stand was merely a circumstance which, with others, might tend to show an election to ratify. But the findings and disposition of defendant's requests by the learned trial judge pretty clearly show that the town never did, in fact, elect to ratify Dominy's wrongful act, or do any act amounting to such a ratification after discovery of his fraud. The election to repudiate it would always be an answer in Dominy's favor to any attempt on the part of the town to enforce the judgment. This is no affair of Bowman's. He neither lost or gained anything by the conduct of the town in this respect. He simply stands where he stood before the town sued Dominy at all. He is simply the victim of Dominy's fraud.

Perhaps a different question would have arisen if the town had collected any of the money under that part of the judgment which rested on Dominy's collection from Bowman. Indeed, that might be true even if it had collected anything under the judgment, for it constituted an entire recovery. But even then I incline to think that if it had promptly turned the collection over to Bowman on discovering Dominy's fraud, it might still have been entitled to avoid the deed for want of authority. The town would have been in no worse position than if Dominy had voluntarily paid over the money received from Bowman. Suppose, for example, that some stranger had made this forged alteration of the town minutes, and that Dominy had honestly supposed he had the authority, and had made this deed under those circumstances, and then collected the money

from Bowman and paid it over to the town. Would not the whole business have been a mistake which a court of equity would have had power to correct on prompt repudiation by the town, and return or offer to return the money to Bowman? But, of course, it is unnecessary to speculate on the point.

The views above indicated lead us to the conclusion that we must affirm this judgment, but, under the peculiar circumstances of the case and the novelty of the question, we shall deny costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, without costs.