AARON AJAMIAN, PLAINTIFF, v. ISIDORE SCHLANGER, HENRY SCHLANGER AND SIDNEY SCHLANGER, TRADING AS I. SCHLANGER & CO., DEFENDANTS; HARRY M. AJAMIAN, ADDITIONAL DEFENDANT ON COUNTER-CLAIM OF ISIDORE SCHLANGER, HENRY SCHLANGER AND SIDNEY SCHLANGER, TRADING AS I. SCHLANGER & CO.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1953—Decided August 7, 1953.

498

Before Judges Eastwood, Bigelow and Jayne.

*Mr. Aaron Ajamian,* attorney *pro se.*

*Mr. Isadore Glauberman* argued the cause for the defendants.

BIGELOW, J. A. D. Ajamian alleges that he was induced to buy the defendants' embroidery business by fraudulent misrepresentations. But, with full knowledge of the alleged fraud, he continued for more than six months to deal with the property as his own and to pay the monthly installments of the purchase price. Thereafter he instituted an action in which he set forth that he elected to rescind; he offered to retransfer the business to the defendants and prayed that they be decreed to return to him the purchase price. The case went to trial and judgment was rendered for the defendants at the conclusion of the plaintiff's case, on the ground that his actions constituted an election to confirm the transaction; the election was irrevocable and rendered futile his later attempt to rescind. On appeal, the judgment was affirmed by the Appellate Division, 20 *N. J. Super.* 246.

Shortly after the affirmance was announced Ajamian began the second action, the one now before us, in which he recognizes that he must abide by his first election. He demands damages arising from the fraud. The defendants moved for summary judgment on the grounds of (1) *res judicata* and (2) election of remedies. The motion was denied and the defendants appeal.

Upon principles of *res judicata,* the judgment in the first action conclusively established that Ajamian had elected to confirm the transaction and could not thereafter rescind, and that in his action based on the supposed rescission he had mistaken his remedy. The judgment did not establish an absence of fraud or damage or that the plaintiff could not recover in an action of deceit. *Restatement, Judgments,* §§ 49 and 65. *Estelle v. Board of Education,* 26 *N. J. Super.* 9 (*App. Div.* 1953). I note that the judgment of dismissal included the words "on the merits," but these words do not change the character of the judgment or its

effect on later litigation. *Chirelstein v. Chirelstein,* 12 *N. J. Super.* 468 *(App. Div.* 1951).

 The doctrine of election of remedies was discussed by Justice Heher in *Adams v. Camden, etc., Co.,* 121 *N. J. L.* 389 *(Sup. Ct.* 1938). He said that "to make the election conclusive, there must in fact be two inconsistent remedies available to the party seeking enforcement of the claimed right. Neither the mistaken assertion of a right that does not exist nor the unsuccessful invocation of an unavailable remedy operates as a definitive election." The same rule was pronounced in *Levy v. Massachusetts Acc. Co.,* 127 *N. J. Eq.* 49 (*E. & A.* 1940) :

"The availability or existence of two inconsistent remedies is one of the important elements of the doctrine. It is difficult to see how there can be an election between two remedies, if one remedy is not available or has no existence for the complainant. This finds support in those cases where a party mistakes his remedy."

And in *Schrage v. Liebstein,* 16 *N. J. Super.* 384 *(App. Div.* 1951), Judge Brennan, now a member of our highest court, wrote that a "party who fancies he has a remedy and futilely pursues it," is not to be denied another remedy "by the application of the doctrine of election of remedies, characterized 'a harsh and now largely obsolete rule' and one 'to be strictly confined within its reason and spirit.' " For cases to the same effect from other jurisdictions, see 28 *C. J. S., Election of Remedies,* § 12.

*Simon & Diamond Coal, etc., Co. v. Belz,* 107 *N. J. L.* 193 (*E. & A.* 1930), seems to be contrary to the above cited cases. If so, it should be overruled.

Ajamian asserts that he has suffered damages to the amount of thousands of dollars as a result of the fraud of the defendants. No court has yet determined whether or not the charge is true. That is the salient fact before us and it should lead to an affirmance.

JAYNE, J. A. D. (concurring). The circumstance that my learned associates have reached adverse conclusions relative to the affirmance or reversal of the judgment under

review and authoritative decisions are cited in support of each determination induces me to submit a brief explanation of my concurrence in the affirmance of the judgment.

The decision of this appeal seems to me to involve in some measure a choice between a strict adherence to the so-called traditional doctrine of election of remedies and an adoption of its modern decisional modification in cases of alleged fraud practiced in contractual transactions. I have particularly in mind elections between the remedy of rescission normally grounded upon a disaffirmance of the contract and the recovery of compensatory damages for deceit upon an implicit affirmance of the agreement. The majority and dissenting opinions in *U. S. v. Oregon Lumber Co.*, 260 *U. S.* 290, 43 *S. Ct.* 100, 67 *L. Ed.* 261 (1922), are illustrative.

The fact in the situation before us that the initial action was one for rescission attains significance in the consideration of the more recent adjudications.

My research has indicated to me that numerically the majority of the pertinent decisions would favor a reversal of the judgment here under review, while the rationalism of the decisions rendered in recent years recommends an affirmance. Compare, *Simon & Diamond Coal & Lumber Co. v. Belz*, 107 *N. J. L.* 193 (*E. & A.* 1930), with the avenues of reasoning in *Adams v. Camden Safe Deposit & Trust Co.*, 121 *N. J. L.* 389 (*Sup. Ct.* 1938); *Levy v. Massachusetts Accident Co.*, 127 *N. J. Eq.* 49 (*E. & A.* 1940); *Schrage v. Liebslein*, 16 *N. J. Super.* 384 (*App. Div.* 1951), certification denied 8 *N. J.* 431 (1952).

I united with Mr. Justice Brennan in the comments which, then as a judge of this Division, he made concerning the doctrine of election of remedies in his opinion in *Schrage v. Liebslein, supra.*

In the present case I perceive that essentially the actionable wrong for which some redress is sought is the fraud alleged to have been perpetrated by the defendants. In the former action it seems evident that it was merely determined that the plaintiff was not entitled to disaffirm the contract

since by his course of conduct he had treated the contract as valid. Fraud or not was not resolved. It was the right of rescission that was considered and denied.

I am influenced by the fact that the commission of the alleged fraud was not determined on the merits in the previous action for rescission. *Cf. Estelle v. Bd. of Ed., Red Bank*, 26 *N. J. Super.* 9 (*App. Div.* 1953).

I therefore vote to affirm.

EASTWOOD, S. J. A. D. (dissenting). As the result of my consideration of this appeal, I find myself in disagreement with my esteemed colleagues.

In October 1946 plaintiff's assignor, Harry Ajamian, instituted a suit against the defendants for a rescission of the contract made between them for the purchase of defendant's embroidery business. That suit was dismissed without prejudice. Thereafter, in March 1947, Harry Ajamian again filed suit against defendants for rescission of the contract based upon allegation of fraud. At the close of plaintiff's case and on motion of defendants the complaint was dismissed. The judgment of dismissal by this court is reported in 20 *N. J. Super.* 246 (*App. Div.* 1952), to which reference is suggested to ascertain the facts upon which that and the present action are grounded.

Thereafter, the plaintiff filed an action for damages against the defendants based upon similar allegations of fraud as were contained in the previous actions for rescission. The defendants unsuccessfully moved for summary judgment, contending that plaintiff's action was barred by the conclusive election of remedy in instituting the action for rescission and that the ensuing judgment was *res adjudicata* of the present action. Defendants were granted leave to appeal to this court from the order denying summary judgment.

Defendants contend that the trial court erroneously ruled that the prior judgment in favor of defendants in the motion for rescission did not bar the plaintiff's action for damages under either the doctrine of election of remedies or *res adjudicata*.

The legal term "election" is properly applied where a person has the choice of one of two alternative and inconsistent rights or remedies. If he pursues one, he necessarily surrenders the other. Any decisive action of a party, with knowledge of his rights and the facts, determines his election, in case of conflicting and inconsistent remedies.

"While it is uniformly held that prosecution of a remedy to a judgment on the merits is a conclusive choice precluding the plaintiff from thereafter maintaining an inconsistent remedy, and this rule has been held applicable even though the judgment was against the plaintiff, there is considerable doubt as to whether the mere commencement of a suit, short of prosecution to judgment, is a conclusive election." 6 *A. L. R.* 2d, *pp.* 11-12, and cases cited.

*Cf. Goetaski v. California Packing Corp.*, 19 *N. J. Super.* 460 (*Law Div.* 1952).

A first inquiry in all cases where a litigant seeks to charge another with the consequences of having elected a remedy must be directed to the question whether at the time of the election there were two or more remedies available to him. If it is disclosed that there were available and inconsistent remedies, it must further appear that the party has actually chosen and pursued the one in exclusion of the others. The essential conditions or elements of the election of remedies are: (1) the existence of two or more remedies; (2) the inconsistency between such remedies, and (3) a choice of one of them. *Levy v. Massachusetts Accident Co.*, 127 *N. J. Eq.* 49 (*E. & A.* 1939); *Tremarco v. Tremarco*, 117 *N. J. Eq.* 50 (*E. & A.* 1934); *Adams v. Camden Safe Deposit & Trust Co.*, 121 *N. J. L.* 389 (*Sup. Ct.* 1938); *Murphy v. Morris*, 12 *N. J. Super.* 544 (*Ch. Div.* 1951); 18 *Am. Jur., Election of Remedies, sec.* 9, *p.* 132.

"In general it may be said that a person defrauded in a sale or other contract has a choice of remedies; he may rescind the contract and recover what he has paid, or he may affirm the contract and recover damages for the fraud and deceit practiced upon him. He cannot, however, pursue to a final conclusion both remedies. There comes a time when he must elect which remedy he will pursue. * * * The former necessarily affirms that the contract does not exist at the time the suit is brought, and never did exist, and is

inconsistent with the action for damages, since the latter necessarily assumes that the contract does exist. It is fundamental that a party cannot pursue both the remedy by rescission and affirmance. The difference between the two suits is substantial and not merely nominal." 18 *Am. Jur., supra, sec.* 32, *pp.* 152-153.

*Cf. Heller v. Elliot,* 44 *N. J. L.* 467 *(Sup. Ct.* 1882), affirmed 45 *N. J. L.* 564 *(E. & A.* 1883); *Claron v. Thommessen,* 96 *N. J. Eq.* 650 *(E. & A.* 1924); *Rose v. Buckley,* 2 *N. J. Misc.* 1045 *(Ch.* 1924), affirmed 98 *N. J. Eq.* 685 *(E. & A.* 1925); *Maturi v. Fay,* 98 *N. J. Eq.* 377 *(E. & A.* 1925); *Van Buren v. Fine,* 101 *N. J. Eq.* 373 *(Ch.* 1927), affirmed 103 *N. J. Eq.* 327 *(E. & A.* 1928); *Lizak v. Rottenbucher,* 140 *N. J. Eq.* 76 *(Ch.* 1947).

There is a striking similarity between the matter *sub judice* and the case of *Simon & Diamond Coal & Lumber Co. v. Belz,* 107 *N. J. L.* 193 *(E. & A.* 1930), wherein the defendants in a prior action in Chancery filed a counterclaim for rescission against complainants. The Court of Chancery dismissed defendants' counterclaim for rescission by reason of their laches and acts of ratification. Thereafter, in a suit by the complainants, the defendants counterclaimed for damages. The trial court struck defendants' counterclaim and held that the prior judgment was *res adjudicata* of the matters and that defendants were bound by their prior election of remedies. This ruling was affirmed by the Court of Errors and Appeals at *page* 195, wherein it was stated:

"Now, as the counterclaim clearly infringed the rule of *res judicata,* and as the defendants Belz and wife confirmed the entire transaction and elected to have it rescinded in equity and made their election of that tribunal, they therefore could not maintain the suit for damages in the Supreme Court."

*Vide, Micheloni v. Troy Hills, Inc.,* 121 *N. J. Eq.* 117 *(E. & A.* 1936); *Restatement of Contracts, sec.* 449.

Professor Williston, in his *Treatise on Contracts (rev. ed.), vol.* 5, *sec.* 1528, *pp.* 4279–4282, discussing election of remedies, states:

"The doctrine of election of remedies is not peculiar to actions based upon fraud, but it is, perhaps, most frequently applied or discussed in connection therewith. The defrauded party has the alternative but inconsistent rights and remedies of affirmance of the transaction and recovery of damages for the deceit, or of disaffirmance and restitution where restitution is available. As pointed out in the Restatement of Contracts, 'a choice between remedies for an injury must be distinguished from a choice between substantive rights and privileges.' However, the choice of substantive rights necessarily produces a corresponding limitation in the field of possible remedies. * * * Under the traditional view the defrauded party chose his remedy at his peril and the choice, once made, was conclusive. It is still generally true that a judgment for the defrauded party in one action will preclude resort to the alternative remedy.

The modern tendency is not to regard the commencement of an action as a conclusive election in the absence of some element of estoppel. Moreover, the majority of jurisdictions, while perhaps continuing to consider the beginning of an action for deceit as a final election of substantive rights, that is, an election to stand on the contract, do not so regard the commencement of suit for rescission. These courts generally treat the rescission action rather as an indication that the defrauded party has refrained from making a choice, preferring to submit to the court the determination of the right to disaffirm, and that there is, therefore, no conclusive election until judgment on the merits. * * *"

I have examined the case of *Dial Press, Inc., v. Phillips,* 23 *N. J. Super.* 543 (*App. Div.* 1952), certification denied, April 27, 1953, 12 *N. J.* 248, upon which the trial court, and the plaintiff here, heavily rely as rendering the doctrine of election of remedies inapplicable to the circumstance of the matter *sub judice.* I am of the opinion that that case is clearly distinguishable from the matter before us. The prior action for rescission in that case was not concluded by judgment, but was abandoned. The second action was to secure payment of a promissory note given for the purchase and sale of the stock in question. In the opinion of the court in the *Dial Press* case, "* * * the two remedies engaged in by Hoffman and respondent, his assignee, are not * * * inconsistent."

It seems to me that a controlling case is that of *United States v. Oregon Lumber Co.,* 260 *U. S.* 290, 43 *S. Ct.* 100, 102, 67 *L. Ed.* 261 (1922), where the government instituted

an action against the defendants to recover damages for the fraudulent acquisition of certain lands and is apposite to the case at bar. In the equity suit substantially the same facts were pleaded as in the law action. After a trial upon the merits, the equity suit was dismissed on the ground that the government had had full knowledge of the matter complained of in its complaint for more than six years before the equity suit was instituted and, in rendering its judgment, the court held that inasmuch as the suit was brought by the United States with knowledge of all the facts, it constituted an election, final and conclusive, holding:

"The mere filing of the bill in the first suit, according to many authorities, did not constitute an irrevocable election. But upon ascertaining from their plea that the defendants intended to rely upon the statute of limitations, and having knowledge of the facts upon which that plea was founded, and thereafter sustained, the plaintiff in error had fairly presented to it the alternative: (a) Of abandoning that suit and beginning an action at law or transferring it to the law side of the court and making the necessary amendments to convert it into an action for damages, as a 'mere incident in the progress of the original case' ([*Friederichsen v. Renard*], 247 *U. S.* 210, 38 *S. Ct.* 450, 62 *L. Ed.* 1075) ; or (b) of proceeding with the original case upon the issues as they stood. The plaintiff in error deliberately chose the latter alternative. If the election was not final before, it became final and irrevocable then. *Rehfield v. Winters*, 62 *Or.* 299, 305, 306, 125 *Pac.* 289; *Bowker Fertilizer Co. v. Cox*, 106 *N. Y.* 555, 558, 559, 13 *N. E.* 95; *Moss v. Marks*, 70 *Neb.* 701, 703, 97 *N. W.* 1031."

In the *Oregon Lumber Co.* case the court held further:

"Whether based on a plea of the Statute of Limitations or on a failure to prove substantive allegations of fact, therefore, the result of the judgment is the same, viz.: that plaintiff has no case; and to hold that plaintiff may then invoke another and inconsistent remedy is not to recognize an exception to the general operation of the doctrine of election of remedies, but to deny the doctrine altogether. Here, upon the facts as stated in the bill in equity and later in the action at law, both remedies were available to the plaintiff in error. In electing to sue in equity plaintiff in error proceeded with full knowledge of the facts, but it underestimated the strength of its cause, and if that were sufficient to warrant the bringing of a second and inconsistent action the result would be to confine the defense of election of remedies to cases where the first suit had been

won by plaintiff, and to deny it in all cases where plaintiff had lost. But the election was determined by the bringing and maintenance of the suit, not by the final disposition of the case by the court. See, for example, *Bolton Mines Co. v. Stokes*, 82 *Md.* 50, 59, 33 *A.* 491, 31 *L. R. A.* 789."

A strong dissent, concurred in by the Chief Justice and Mr. Justice Holmes, was filed by Mr. Justice Brandeis.

In the instant case, it clearly appears that (1) there were two remedies available to the plaintiff, *i. e.*, an action disaffirming the contract and seeking rescission thereof, or an action affirming the contract and seeking to recover damages for the fraud and deceit allegedly practiced upon him; and that (2) those remedies were inconsistent and that the plaintiff, charged with the full knowledge of all of the facts and his legal rights thereunder, made a specific choice when he instituted an action for rescission of the contract that resulted in an adverse judgment. An examination of the record discloses that the judgment of May 11, 1951, rendered by the trial court, dismissed plaintiff's action "on the merits." The plaintiff's remedies of rescission based upon the fraudulent action of the defendants and the subsequent action for damages based upon the same identical conduct of the defendants, are, in my opinion, inconsistent remedies. *Goodman v. Boehme*, 123 *N. J. Eq.* 280 (*E. & A.* 1938), *Ibid.* 230 (*E. & A.* 1938); *Micheloni v. Troy Hills, Inc., supra; Simon & Diamond Coal & Lumber Co. v. Belz, supra.*